# BALTIMORE & OHIO RAILROAD *v.* BATES.

## ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

Argued November 12, 1886. — Decided December 13, 1886.

Subsections "First" and "Second" of Rev. Stat. § 639, relating to the removal of causes from State courts to Federal courts were repealed by the act of March 3, 1875, 18 Stat. 470; but subsection "Third" was not so repealed.

Under subsection "Third," of Rev. Stat. § 639, a petition for the removal of a cause from a State court to a Federal court may be filed at any time before final trial or hearing.

On a petition for removal of a cause from a State court under subsection "Third" of Rev. Stat. § 639, the petitioning party is required to offer to the court the "good and sufficient surety" required by that section for the purposes therein set forth; and not the surety required by the act of March 3, 1875, § 3, 18 Stat. 471, for the purposes named in that act.

This suit was brought in the Court of Common Pleas of Licking County, Ohio, on the 1st of July, 1875, by George Bates, a citizen of Ohio, against the Baltimore and Ohio Railroad Company, a Maryland corporation, and having its principal office in that State, to recover damages for personal injuries. The railroad company filed a general demurrer to the petition, on the 20th of September, 1876, and on the 7th of April, 1877, this demurrer was sustained and judgment entered in favor of the company.

On the 7th of July, 1877, this judgment was reversed by the District Court of the county, and the cause remanded to the common pleas for further proceedings. When the case got back, the railroad company filed a petition for removal to the Circuit Court of the United States for the Southern District of Ohio, under sub-section 3 of § 639 of the Revised Statutes, on the ground of prejudice and local influence. The petition was in proper form, and it was accompanied by the necessary affidavit, but the security was such as was prescribed by § 639 of the Revised Statutes, and not such as was required by § 3 of the act of March 3, 1875, c. 137, 18 Stat. 470. The act of 1875 requires security for "all costs that may be awarded by the said Circuit Court, if the said court shall hold that such suit was wrongfully or improperly removed thereto." This is not found in § 639.

The petition for removal was denied by the Court of Common Pleas, December 22, 1877, and thereupon the railroad company answered, and the parties went to a trial May 23, 1878, when a judgment was rendered against the company. The case was taken then, on petition in error, to the District Court of the county, because, among others, the court erred in denying the petition for removal. On the 28th of February, 1880, the District Court reversed the judgment for this error, and the case was then taken to the Supreme Court of the State, where the judgment of the District Court was reversed, and that of the common pleas affirmed, on the 15th of May, 1883, that court holding that the security was defective, because it was not such as the act of 1875 required. To reverse that judgment this writ of error was brought.

*Mr. Hugh L. Bond, Jr.,* (*Mr. John K. Cowen* was with him,) for plaintiff in error.

*Mr. Gibson Atherton,* (*Mr. J. A. Flory* was with him,) for defendant in error, submitted on his brief. It was the intention of Congress, in framing the act of March 3, 1875, to consolidate and codify into one section, with one mode of procedure, all the law relating to the class of cases between citizens of dif-

ferent States provided for in the Constitution. We are aware that this court in the case of *Hess* v. *Reynolds*, 113 U. S. 73, has decided that the third paragraph of § 639 was not repealed by the act of 1875; but we respectfully ask the court for a reconsideration and overruling of that case. For if this third paragraph was not superseded by the act of 1875, this case was not removable under that paragraph, because the petition was not filed before the trial of the case.

The Revised Statutes, § 693, par. 3, provided that the petition for removal should be filed before "*the trial*" of the case. This case was put at issue by the demurrer, under § 260, Ohio Code, and "A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceeding." Ohio Code, § 262. So that this case was finally tried and decided, and final judgment rendered before the petition for removal was filed, and the petition for removal does not aver that the case had not been tried, while the record showed it had been once tried.

But it is said that where the judgment of the court has been set aside and a new trial granted, the case is removable, and the case of *Insurance Company* v. *Dunn*, 19 Wall. 214, is cited. That case was decided under the act of March 2, 1867, which required the petition for removal to be filed "at any time before the *final hearing or trial* of the suit," while in the Revised Statutes the word "trial" is transposed from after the word "final," and placed before it, so as to make it conform to act of 1866. This change was not made for nothing. The case of *Insurance Company* v. *Dunn* had already been decided, which it is presumed Congress had full knowledge of before they enacted the Revised Statutes. "It is apparent that this change was not the result of accident, but was deliberately made to secure uniformity upon the subject, in view of the conflicting decisions between the Federal and State courts in the following cases: *Ackerly* v. *Vilas*, 24 Wis. 165; *Johnson* v. *Monell*, Woolworth, 390; *Insurance Co.* v. *Dunn*, 20 Ohio Stat. 175; *S. C.*, in error, 19 Wall. 214; *Bryant* v. *Rich*, 106 Mass. 180, 192."

This change in the wording of the statutes appears to have

been made in consequence of the construction given to the act of 1867, in 19 Wall.; for if Congress, having full knowledge of that decision, had intended to follow the act of 1867, they would have worded it the same. Thus the law is brought back to the state it had been in since the foundation of the government, and under which the rights of parties had been long settled by judicial decisions. See *King* v. *Cornell,* 106 U. S. 395, 397.

Mr. Chief Justice Waite, after stating the case, delivered the opinion of the court.

Sub-sections 1 and 2 of § 639 were repealed by the act of 1875; *Hyde* v. *Ruble,* 104 U. S. 407; *King* v. *Cornell,* 106 U. S. 395, 398; *Holland* v. *Chambers,* 110 U. S. 59; *Ayres* v. *Watson,* 113 U. S. 594; but sub-section 3 was not. *Bible Society* v. *Grove,* 101 U. S. 610; *Hess* v. *Reynolds,* 113 U. S. 73, 80. Under sub-section 3, the petition for removal may be filed at any time before the final trial or hearing. *Insurance Co.* v. *Dunn,* 19 Wall. 214; *Vannever* v. *Bryant,* 21 Wall. 41; *Yulee* v. *Vose,* 99 U. S. 539, 545; *Railroad Co.* v. *McKinley,* 99 U. S. 147. This petition was filed after a new trial had actually been granted, and while the cause was pending in the trial court for that purpose. It was, therefore, in time, and no objection is made to its form.

As sub-section 3 has not been repealed, so much of the remainder of § 639 as is necessary to carry the provisions of that sub-section into effect remains in force, unless something else has been put in its place. It is not contended that anything of this kind has been done, unless it be by the operation of § 3 of the act of 1875; but that section by its very terms is only applicable to removals under § 2 of the same act. The language is, "that whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section," that is to say, § 2 of the act of 1875, "shall desire to remove such suit," he shall petition and give security in the manner and form therein prescribed. Clearly, then, this section relates only to removals provided

for in that act, and as sub-section 3 of § 639 remains in force, because the cases there provided for are not included among those mentioned in the act of 1875, it follows that the form and mode of proceeding to secure a removal under the sub-section will be sufficient if they conform to the requirements of the other parts of the section. That section as it now stands unrepealed is complete in itself, and furnishes its own machinery to effect a removal of all cases which come within its operation. The security is as much governed by the remainder of the section as the time for filing the petition; and as to that, it was distinctly held in *Hess* v. *Reynolds*, *supra*, that the petition was in time if presented before the final trial, even though it was after the term at which the cause could have been first tried, which would be too late if § 3 of the act of 1875 was applicable to this class of cases. As to this the court said in that case: "We are of opinion that this clause of § 639 remains, and is complete in itself, furnishing its own peculiar cause of removal, and prescribing, for reasons appropriate to it, the time within which it must be done."

It is true this suit is between citizens of different States, and as such it is mentioned in § 2 of the act of 1875; but the fair meaning of § 3 is that the suit must be one that is removable simply for the reason that it is one of a class such as is mentioned in § 2. Some cases in the circuit courts have been ruled the other way, and the decision of the Supreme Court of Ohio was put largely on their authority; but they were all decided before *Hess* v. *Reynolds*, *supra*, in this court, and that case, as we think, substantially covers this.

*The judgment of the Supreme Court of Ohio is reversed, and the cause remanded for further proceedings in accordance with this opinion.*