JOHN L. MARKHAM, in behalf of himself, &c., v. JAS. S. MANNING, Trustee, and THE DURHAM GRADED SCHOOL.

*Schools—Race Discrimination—Municipal Bonds.*

1. A law which directs that the funds raised by taxation from the property of whites shall be devoted to the schools for white children, and those raised from the property of negroes shall be devoted to the schools for negroes, is unconstitutional and void.

2. The points decided in the preceding case of *Duke* v. *Brown* affirmed.

(*Puett* v. *Com'rs*, 94 N. C., 709; *Duke* v. *Brown, ante; Riggsbee* v. *Durham*, 94 N. C., 800; cited and approved. *Railroad Co.* v. *Com'rs*, 72 N. C., 486; modified).

MOTION to continue an injunction to the hearing, in a civil action pending in the Superior Court of DURHAM county, heard before *Clark, Judge*, at Chambers, in Raleigh, on April 22d, 1886.

His Honor refused the motion, and the plaintiffs appealed. The facts are identical with those of the preceding case.

*Messrs. R. B. Boone, Joseph B. Batchelor* and *John Devereux, Jr.*, for the plaintiffs.

*Messrs. W. W. Fuller, John W. Graham, James S. Manning, John Manning* and *Thomas Ruffin*, for the defendants.

SMITH, C. J. This action, resting substantially upon the same facts, differs from the case of *Duke* v. *Brown*, decided at this Term, in that it seeks to restrain the defendant from using the funds raised by a sale of bonds, in the purchase of a lot, and the erection of a graded school building thereon. The demand for this relief for the tax payers, is sustained by an undenied averment in the complaint, that the moneys collected by taxation from white property owners are to be spent exclusively in furnishing education to white chil-

dren; while such as are paid by colored property own-
ers are to be alone applied to the education of colored
children, and further, that a majority of the qualified voters
of the town are not required by the statute to give, and in
the election held to ascertain the popular will, did not
give their sanction to the loan, as provided in the Con-
stitution, Art. VII., §7.

It is alleged in the complaint, that while the larger num-
ber of those voting favored the loan on the conditions
and for the purpose specified in the Act, they do not con-
stitute a majority of those qualified to vote.

The answer, admitting the casting of the vote as alleged,
avers under advice, that the favoring vote "was a major-
ity of the qualified voters of said town." An explanation
of the meaning of this averment is found in a subsequent
part of the answer, which says: "These defendants are
advised, that a majority of the qualified voters of said town,
*within the meaning of the Constitution of the State of North
Carolina, and the statute referred to, did vote in favor of,*" &c.,
thus putting the same construction upon, and giving the
same meaning to, the different expressions used in the Con-
stitution and in the Act.

This must be deemed an assent to the allegation in the
complaint as to the state of the vote, and so considered, it
places this appeal in the same category as that of *Duke* v.
*Brown*, and requires the same disposition to be made of it.
After this ruling, preceded by the decisions in *Puett* v. *Com-
missioners*, 94 N. C., 709; and *Riggsbee* v. *Durham*, Ibid., 800;
little if anything remains to be added.

The bonds are issued, and the money paid under proceed-
ings which attempt to disregard the constitutional limita-
tions put upon these municipal bodies, and purchasers, as
well as others, are chargeable with knowledge of this want
of power, and that which the Constitution forbids; cannot be
made valid upon the ground of a misinterpretation of its

meaning, and this, more especially, in face of the construction given in *The Railroad* v. *Commissioners of Caldwell*, 72 N. C., 486; and our modified ruling at the present Term, as to the true import of the clause, do not in any manner injuriously affect the defence.

Adhering to the cases cited as to the effect of the discriminating race features which pervade the Act, we think there was error in refusing to continue the injunction to the hearing, and the appellants' motion ought to have been allowed. The appeal being from an interlocutory judgment, this opinion will be certified for further proceedings in conformity with it, to the Court below.

Error.                                                Reversed.