W. E. STORY v. BOARD OF COMMISSIONERS OF
ALAMANCE COUNTY.

(Filed 8 November, 1922.)

1. **Constitutional Law—Races—Negro—Schools—School Districts—Taxation.**

   A school district, made under the provisions of a private statute coterminous with the limits of a city, vesting in a school committee appointed under Public Laws of 1899, ch. 732, sec. 76, the sole control of the public schools of the city, by reference to a school district for each race is not a violation of our State Constitution, Art. IX, sec. 2, as a discrimination between the races, when by proper interpretation it appears that the intent of the statute was to define the boundaries of a district where the

races were to attend separate schools, without discrimination in the apportionment of the proceeds of the bonds, or school facilities; and the sale of the bonds may not be enjoined on that account.

**2. Statutes — Taxation — Schools — School Districts — Supplementary Powers.**

Public Laws, Extra Session of 1920, ch. 87, applying to all school districts within the State, including incorporated cities and towns, requiring an election to be called upon the proposition of levying an additional special annual tax, etc., in the manner therein specified, is not in substitution of the existing powers of school districts, etc., and may be exercised independently of the provisions of C. S., 5523; nor is the statute of 1920, in its application to the town of Burlington, repealed by Public Laws of 1921, ch. 81, allowing that town from time to time to raise and appropriate money for erecting, enlarging, repairing, and equipping school buildings, and acquiring land for school purposes.

**3. Statutes—Interpretation.**

The repealing of a statute by implication is not favored by the courts, and they will not do so if by any reasonable construction the statutes may be reconciled and repugnancy avoided.

**4. Same—Schools—School Districts—Bonds.**

The general statutory inhibition against an election in a school district upon the issuance of bonds within two years after an election in which the question had been disapproved, C. S., 5533, does not apply to an election held under a public-local law applicable only to a certain city or district.

APPEAL by plaintiff from *Connor, J.,* at chambers, 4 October, 1922, from ALAMANCE.

Controversy without action to enjoin the defendant from holding a special election within the corporate limits of the city of Burlington on the question of issuing bonds on behalf of a school district. The following is a summary of the material "facts agreed."

1. The members of the board of education were elected by the aldermen of the city pursuant to the provisions of Private Laws of 1907, ch. 341.

2. On 22 September, 1922, the board of education presented to the defendant a petition for an election to be held in the graded school district, which is coterminous with the city, on 9 January, 1923, pursuant to Public Laws, Extra Session, 1920, ch. 87, and the amendments thereto, on the question of issuing bonds of said district for a maximum principal amount of $150,000 to be used for the purpose of erecting, enlarging, altering, and equipping school buildings and acquiring sites, or for any one or more of these purposes.

3. The defendant heard the petition and ordered that an election be held on the question of issuing bonds in an amount not exceeding $150,000, and of levying a sufficient annual tax to pay the principal and

interest on said bonds, and ordered a new registration of the voters in said district.

4. Pursuant to Private Laws of 1913, ch. 268, and the vote of a majority of the qualified voters, the city of Burlington has issued $40,000 of bonds for school purposes, which are now an outstanding obligation of the city.

5. Pursuant to sec. 76, ch. 732, Public Laws of North Carolina, 1899, at an election duly called and held by the board of aldermen of the city of Burlington a special tax for schools of 30 cents on the $100 valuation of property was voted by a majority of the qualified voters, and said tax has been annually levied by the board of aldermen of the city of Burlington, and collected by the tax collector of the city of Burlington; in the year 1917, under and pursuant to the provisions of Public Laws 1917, ch. 102, a majority of the qualified voters of the city of Burlington, at an election called and held by the board of aldermen of the city, voted in favor of an additional tax for schools of 20 cents on the $100 valuation of property, the same to be in addition to the 30 cents theretofore voted, and such additional tax, or so much thereof as the board of aldermen has deemed necessary, has since said date been annually levied by the board of aldermen, and collected by the tax collector of said city.

6. On 4 April, 1922, the city of Burlington held an election under the Municipal Finance Act, 1921, upon the question of the approval of a bond ordinance passed 14 February, 1922, and authorizing bonds in a maximum principal amount of $100,000 for the purpose of enlarging, altering, repairing, and equipping school buildings and acquiring land, or land and buildings, for school purposes, or for any one or more of said purposes, and at said election the said bond ordinance was not approved.

7. The assessed valuation of property for taxation in the territory embraced within the boundaries of the alleged Burlington City Graded School District, as fixed for the year 1922, is in excess of $9,500,000, and that the only bonds which have been issued for schools within said territory are the $40,000 bonds issued pursuant to ch. 268, Private Laws of North Carolina, Session 1913, as hereinbefore set out.

It is the declared intention and purpose of the board of commissioners of Alamance County to hold said election as ordered, and, if a majority of the qualified voters at said election vote in favor of issuing said bonds, to levy annually a special tax *ad valorem* on all taxable property within said alleged Burlington City Graded School District for the purpose of paying the principal and interest of the bonds.

9. The plaintiff contends that upon the foregoing agreed facts the territory embraced within the corporate limits of the city of Burlington and its inhabitants do not constitute a school district and that ch. 87, Public Laws of North Carolina, Extra Session of 1920, has no applica-

tion to the schools within said territory; and that, therefore, the defendants should be perpetually enjoined and restrained from holding said election under said chapter 87, and from taking any further steps in the premises. And that in any event an election upon the question of issuing bonds for schools within the city of Burlington cannot be held within two years from 4 April, 1922, the date of the last election upon that question.

10. The defendants contend that upon the foregoing agreed facts the territory embraced within the corporate limits of the city of Burlington, and the inhabitants thereof, constitute a school district, and that under ch. .87, Public Laws of North Carolina, Extra Session, 1920, they have full right and power to order and hold said election, and in the event that the same results favorably, and the said bonds are sold, to levy a tax upon all the taxable property within said school district for the purpose of paying and sufficient to pay the principal and interest of such bonds, and that no injunction should be granted; and that there is no law preventing the holding of said election within two years after the election held 4 April, 1922.

Upon the hearing, his Honor adjudged that the petitioner is not entitled to have the holding of said election enjoined, and denied the plaintiff's application for an injunction. The plaintiff excepted, and appealed.

*Carroll & Carroll for plaintiff.*
*Parker & Long and Coulter & Cooper for defendant.*

ADAMS, J. The purpose of the action is to enjoin the defendant from holding a special election in the city of Burlington on the question of issuing bonds for the benefit of the schools conducted in a school district which is coterminous with the corporate boundaries of the city. The order of the defendant authorizing the election was made pursuant to the provisions of an act passed by the Legislature at the Extra Session of 1920. Public Laws, Extra Session, 1920, ch. 87. The plaintiff contends that the order was *ultra vires,* and that any bonds issued as the result of the election would be invalid. His contention involves three propositions:

1. The city of Burlington is not a school district.

2. The election can be ordered only in pursuance of C. S., 5523, or in any event not by virtue of Public Laws, Extra Session, 1920, ch. 87.

3. That on 4 April, 1922, the municipal authorities of the city of Burlington held an election on the question of issuing school bonds, and another election cannot be held in the district for the same purpose within two years from that date. C. S., 5533.

In support of the first proposition it is said that by virtue of a statute enacted in 1901 (Private Laws 1901, ch. 187), the city constitutes two school districts—one for the white race and another for the colored race—and that the existence of these two districts implies that each race shall be taxed in breach of the Constitution for the maintenance of the separate schools; and, moreover, that the order for the election does not specify whether the bonds are to be voted upon by the one district or the other, or how the proceeds from the sale shall be applied as between the two races. We do not concur in this construction of the act. We think the reference to a school district for each race was intended to define the boundaries of the district in which there are schools for both races, and to make the boundaries of the district coterminous with those in the municipality. In fact, the plaintiff admits that the boundaries of the school district are the same as those of the city. Section 3 of the act of 1901 vests in the school committee appointed under the act of 1899 sole control of the public schools of the city, and it was no doubt the primary intention of the Legislature merely to provide that the two races should be taught in separate schools. The order for the election expresses the purpose for which the bonds are to be issued and it contains no suggestion of discrimination between the white and colored races. Const. N. C., Art. IX, sec. 2; *Riggsbee v. Durham,* 94 N. C., 800; *Puitt v. Comrs., ibid.,* 709; *Markham v. Manning,* 96 N. C., 132.

The plaintiff next contends that the election can be ordered, if at all, only under the provisions of C. S., 5523, and that the act of 1920 has no application. Public Laws, Extra Session, 1920, ch. 87. This section provides that in any school district which includes an incorporated city or town, upon the written petition of one-third of the qualified voters of the district for an election to be held upon the question of levying an additional special annual tax to an amount specified in the petition, with the approval of the school trustees of the district, such election shall be ordered by the governing body of such city or town in case the district is confined exclusively to such city or town, or by the board of county commissioners if the district includes a part of the county not embraced within the city or town. The act of 1920, *supra,* applies to all school districts in the State, and confers powers in addition to and not in substitution of the existing powers of the school districts. It provides that under it, or under any other act, any school district may issue bonds (section 8), that the term 'school district' shall include the principal administrative or governing body of a school district, by whatever name it may be called (section 9). Section 6 provides that whenever the board of trustees of any school district shall so request, the board of county commissioners . . . shall order a special election to be held in the school district at such time as the board of trustees may

designate for the purpose of voting upon the question of issuing ·bonds and levying a tax; and section 1 provides that upon approval of the bond issue at the election by a majority of the qualified voters, the board of trustees of the school district shall be authorized to issue the bonds of such district for the purpose of erecting, enlarging, altering, and equipping school buildings, and acquiring land for such buildings, or for any one or more of these purposes, and that the county commissioners may levy an *ad valorem* tax for the purpose of paying the principal and interest of the bonds.

In our opinion this act and section 5523 are not in conflict as to the question here presented. The powers conferred by the later statute are in addition to and not in substitution of the provisions of the older statute. One provides for levying a tax, the other provides for issuing bonds. But the plaintiff insists that the act of 1920 has been repealed by a private law enacted by the Legislature at the Extra Session of 1921, which is as follows: "That in the manner and subject to the limitations now or hereafter provided by the Constitution and laws of the State, the city of Burlington may, from time to time, raise and appropriate money for erecting, enlarging, altering, repairing, and equipping school buildings, and acquiring land, or land and buildings, for school purposes." Public Laws, Extra Session, 1921, ch. 81.

It will be noted that the object of this statute is to grant to the city authority to raise and appropriate money for the same purpose for which the school trustees are authorized to issue bonds under the act of 1920. Extra Session, ch. 87. It does not profess in express terms to withdraw the powers conferred upon the trustees of the school district. Does it withdraw such powers by implication? The repeal of statutes by implication is not favored. The presumption is against the intention to repeal where express terms are not used, and it will not be indulged if by any reasonable construction the statutes may be reconciled and declared to be operative without repugnance. "To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed." 36 Cyc., 1072; *College v. Lacy,* 130 N. C., 364; *S. v. Davis,* 129 N. C., 570; *S. v. Perkins,* 141 N. C., 797; Sutherland on St. Con., sec. 138; Black on Int. of Laws, 112. We are unable to discover such repugnancy between the two acts as will necessarily work a repeal of the powers conferred upon the trustees of the school by the act of 1920.

The plaintiff further contends that the order for the election is invalid because it provides for a second election within two years after a prior election in the same district on the same question. C. S., 5533. On 14 February, 1922, the city submitted to the voters of the district an

ordinance approving the issuance of bonds in the maximum principal amount of $100,000 for the purpose of enlarging, altering, repairing, and equipping school buildings and acquiring land and buildings for school purposes, and at an election held 4 April the ordinance was not approved. In *Weesner v. Davidson,* 182 N. C., 605, it is decided that where an election is held on the question of levying a special tax for a school district and defeated a second election cannot be ordered by the same authority on the same question in the same district within two years after the former unsuccessful election. The facts presented in the instant case differ from the facts in *Weesner's case, supra,* in a most important particular. The General Assembly has conferred upon the school trustees the power to issue bonds for the purpose of erecting, enlarging, altering, and equipping school buildings and acquiring sites, and to levy an *ad valorem* tax to pay the principal and interest, and upon the city the power, subject to the laws of the State, to raise and appropriate money for the same purpose. If it be admitted that the authority of the city is the more limited, the powers to an extent are concurrent. To such a case section 5533 does not apply, for the exercise of the power by the city cannot deprive the trustees of the authority with which they are vested by the act of 1920. Upon an examination of the record, we think the judgment of his Honor should be

Affirmed.