STATE v. EUGENE FOSTER.

(Filed 21 March, 1923.)

**1. Intoxicating Liquor—Spirituous Liquor—Evidence—Possession—Prima Facie Case.**

Where the defendant is being tried for violating our prohibition law, and there is evidence that a quart of whiskey had been found in a trunk in the defendant's dwelling with some women's clothes, to explain the

STATE *v.* FOSTER.

presence of the clothes in the trunk and to identify the trunk as that of
the plaintiff, it is competent for a witness to testify that the defendant
was unmarried, but lived there with a woman.

2. **Appeal and Error—Questions and Answers—Objections and Exceptions.**

Where the answer to a question of the witness is proper, but the witness
had added information that was incompetent evidence, the appellant
should object to the incompetent part of the answer.

3. **Criminal Actions — Instructions — Prejudice—Intoxicating Liquors—
Spirituous Liquors.**

An instruction upon a trial for violating our prohibition laws, that it
required no more evidence to acquit or convict than in any other criminal
action, is in effect a caution to the jury not to be prejudiced in an action
of this kind, and is not erroneous.

4. **Statutes—Repealing Laws—Spirituous Liquors—Intoxicating Liquors.**

The recent Turlington Act repeals all conflicting laws and makes the
possession of any intoxicating liquors for the purpose of sale unlawful,
unless such liquors are for the private use and in the residence of the
possessor: *Held,* our prior statute making the possession of one quart
thereof prima facie evidence of the purpose of unlawful sale is not in
conflict therewith or repealed thereby.

5. **Same.**

The repealing clause of a statute applying to laws in conflict therewith
cannot be construed as impliedly repealing all previous laws on the sub-
ject, but only to the extent they are conflicting.

6. **Criminal Law—Statutes—Prospective Effect—Prior Offense—Intoxi-
cating Liquors—Spirituous Liquors.**

Where the defendant is being tried under a criminal statute, in this
case relating to the prohibition law, he may not be acquitted under the
provisions of a later prohibition statute, in effect from and after its
ratification, when the offense charged was committed before that time.

7. **Statutes—Repeal—Interpretation—Proposed Amendments.**

The fact of an amendment to a bill being passed by one branch of legis-
lation but rejected by the other cannot affect the interpretation of the act.

8. **Intoxicating Liquors—Spirituous Liquors—Possession—Defenses—Ex-
ceptions—Proof.**

Where the defendant, charged with the violation of our prohibition law,
seeks to defend himself under the provisions of the Turlington Act, allow-
ing the possession of intoxicating liquors in his house for his own pur-
poses, he must plead and show that the liquor was for the purpose allowed
by the act.

STACY, J., concurs in the result.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1923, of
FRANKLIN.

The defendant was convicted of having liquor in his possession for
the purpose of sale, and also for receiving more than one quart at a
time, and appealed.

The defendant's house was searched by officers with a search warrant. They found a quart of whiskey in a trunk in which were some woman's clothes; a gallon of whiskey in some cotton; one gallon more in a shed; two empty five-gallon jugs with the smell of whiskey and a quart pot and a funnel. This evidence was introduced as tending to show that the defendant had not only received more than the legal quantity, but had it in possession for the purpose of sale. He denied that the whiskey was his or that he had had anything to do with making or selling it. There was evidence of his good character and also of his bad character.

Verdict of guilty and judgment and appeal by defendant.

*Attorney-General Manning, Assistant Attorney-General Nash, and Heriot Clarkson for the State.*
*W. H. and Thomas W. Ruffin for defendant.*

CLARK, C. J. The first exception was to the question and answer, "Is the defendant married?" The witness said he "was not; that a woman stayed with him." The question, if it had been merely irrelevant, was not ground of error, but it was competent as tending to explain why the quart of whiskey was in the trunk in which there were a woman's clothes. The addition made in the reply was not called out by the question, for the witness could have simply answered Yes or No. The defendant did not ask to have it struck out.

The second exception was to this part of the charge of the court: "It does not require, gentlemen of the jury, any more evidence or any less evidence, or any different kind of evidence, to convict or acquit one charged with the violation of the prohibition law than it does to convict or acquit one charged with the violation of any of the criminal statutes of the State, and the jury that requires more or less or any different kind of evidence is not an honest jury."

We cannot see that this in any wise could prejudice the defendant. The court was simply instructing the jury, in his own way, against permitting any prejudice arising out of the enforcement of the prohibition law to affect them in considering the case. It was as much in behalf of the defendant as in behalf of the State.

The point chiefly pressed on the appeal was that the defendant was indicted for having two and one-half gallons of whiskey in his possession for purposes of sale and receiving more than one quart of liquor, to wit, five gallons malt liquor, both about 24 December, 1922, and that while the appeal was pending the Legislature passed "An act to make the State law conform to the National law in relation to intoxicating liquors," known as the "Turlington Act," and that section 10 of that act provides, "From and after the ratification of this act, the possession of

liquor by any person not legally permitted under this act to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this act. But it shall not be unlawful to possess liquor in one's private dwelling while the same is occupied by him as his dwelling only, provided such liquor is for use only for the personal consumption of the owner thereof and his family residing in such dwelling and his *bona fide* guests when entertained by him therein." And section 28 provides, "All laws in conflict with this act are hereby repealed, but nothing in this act shall operate to repeal any of the local acts of the General Assembly of North Carolina prohibiting the manufacture or sale or other disposition of any liquor mentioned in this act, or any laws for the enforcement of the same, but all such acts shall continue in full force and effect and in concurrence herewith. An indictment for prosecution may be had either under this act or under any local act relating to the same subject." Section 29 provides: "If any provision of this act shall be held invalid it shall not be construed to invalidate other provisions of this act." This act was ratified 1 March, 1923, and section 30 provides that it shall be in force from its ratification. There was a general verdict of guilty.

The defendant filed a certificate that subsequent to the passage of the act the Senate passed an amendment to the same excepting all pending indictments, prosecutions and cases, from the provisions of the act, but that the House did not concur in the amendment, and failed to pass the same, and the defendant's counsel insisted that the failure to pass this amendment was a declaration by the House that all pending indictments and prosecutions were based upon laws in conflict with the provisions of this act, and hence that all pending indictments should be quashed.

It is well said, 25 R. C. L., p. 912, "The common formula in a repealing clause that 'all acts and parts of acts in conflict herewith are hereby repealed' implies very strongly that other acts on the same subject are not repealed."

In Black on Interpretation of Laws, 579, p. 351, it is said, "Repeals by implication are not favored. A statute will not be construed as repealing prior acts on the same subject (in the absence of express words to that effect) unless there is an irreconcilable repugnancy between them, or unless the new law is evidently intended to supersede all prior acts on the matter in hand and to comprise in itself the sole and complete system of legislation on that subject."

The legislation in this case justified the conviction of the defendant on the charge in the indictment, and there is nothing in the Turlington Act which is in conflict therewith. The fact that the new act is more extensive and more far-reaching in its requirement does not repeal the

former act, either expressly or by any implication. Still less could we hold the failure of the House to adopt the Senate provision (intended evidently to "exclude a conclusion" that the new act repealed all former provisions) had the effect to repeal all former statutes on the subject. It would be more reasonable to assume that the House deemed the enactment of the Senate provision unnecessary.

We cannot consider the inaction of the House in any aspect as an adjudication that the later act repealed the provisions of the statute under which the defendant was convicted. Moreover, section 30 of the Turlington Act declares it shall be in force from and after its ratification. It was ratified 1 March, 1923.

In *S. v. Mull,* 178 N. C., 748, there was no evidence tending to show any sale of spirituous liquors at any other time than on 20 December, 1918, and there was no evidence tending to show any sale by the defendant subsequent to 23 January, 1919. At the close of the evidence for the State the defendant moved for judgment as of nonsuit upon the ground that under the act ratified 23 January, 1919 (ch. 2, Public-Local Laws 1919), making such sale in Burke County a felony, the statutes in force prior to that date were repealed, and hence that defendant could not be convicted under said prior statutes and could not be convicted under the act of 23 January, 1919, as it was enacted after the commission of the alleged offense.

Section 1 of said chapter 2 was as follows: "Any person who shall manufacture or sell spirituous liquors shall be guilty of a felony, and upon conviction for first offense shall be fined or imprisoned, in the discretion of the court"; and section 8 provided, "All laws and clauses of laws in conflict herewith are hereby repealed"; and section 9 provided that the act "shall be in force from and after its ratification," which was 23 January, 1919.

The Court, in *S. v. Mull,* after quoting *Walker, J.,* in *S. v. Perkins,* 141 N. C., 809, said: "This unanswerable argument applies to this case, where it is specified that the act is to take effect 'from and after its ratification' (23 January, 1919), and therefore prospectively only. There can be no doubt of the intention of the Legislature in the present case, for the title of ch. 2, Public-Local Laws of 1919, is 'An act to amend the prohibition law and to provide for the better enforcement of the same in Burke County.' There is certainly no intention in this nor in the body of the act to turn loose all those who had violated the law in force prior to the passage of the act, but to increase the penalty and to make prohibition more effective."

In the present case the act now in force was to take effect on 1 March, 1923, and in no wise affected the crime which the defendant committed

on 24 December, 1922, and for which he was convicted, of having in possession more than one gallon of liquor for the purpose of sale and receiving the same.

Under the present statute it is an offense to have in possession any quantity of liquor whatever for the purpose of sale, and this is in no wise in conflict with the provision in force on 24 December, 1922, even if thereunder the prima facie presumption of the purpose to sell would not have arisen unless such quantity was more than one gallon. In fact, C. S., 3378 and 3379, making it unlawful to sell, or have or keep in possession for the purpose of sale, spirituous liquors is substantially the same as the "Turlington Act."

The defendant contends that the new act prohibits the receiving of *any* intoxicating liquor, while under the former act it was lawful to receive as much as a quart, and even more than a quart if received at different times; but as the new act did not take effect until 1 March the defendant was not tried under it, and cannot complain that the prospective change was made prohibiting *any* to be received after 1 March, as already stated.

The defendant also contends that under the old law possession of more than a gallon of liquor was prima facie evidence of possession, while under the new law the possession of any quantity of liquor is prima facie evidence of possession for sale, provided not in a private dwelling of the accused. The same observation applies to this also. The defendant was not affected in his trial by the new act, which did not go into effect until 1 March, and he could not plead, and in fact there was no evidence if so pleaded, that he had liquor in his house for his own purposes, for his own testimony was that he did not have any at all.

We cannot see that the defendant has any cause of complaint. He was tried under the old law and duly convicted.

No error.

STACY, J., concurs in result.