## CONTINENTAL INS. CO. et al. v. SIMPSON.

(Circuit Court of Appeals, Fourth Circuit. October 20, 1925.)

No. 2347.

**1. Insurance ⬅607—Cancellation of deed of trust and notes assigned to insurance company held erroneous.**

Where insurance companies, while denying liability on fire insurance policies, paid claim of one holding trust deed of destroyed property as to whom policies were valid and became subrogated to rights of lien creditor, *held* cancellation of deed of trust and notes assigned to insurance company was erroneous.

**2. Insurance ⬅302—Statute relative to effect of failure to perform condition of policy or violation of restrictive provision therein not impliedly repealed.**

Code Va. 1919, § 4227, providing that neither failure to perform any condition of policy or violation of restrictive provision therein was valid defense to action thereon, unless "such failure or violation contributed to the loss sustained," was not impliedly repealed by Act March 16, 1918, c. 362, in view of presumption against implied repeal and Code 1919, § 6568.

**3. Insurance ⬅336(2)—Procuring other insurance held not to invalidate policy.**

Under Code Va. 1919, § 4227, providing that nonperformance of condition not contributing to loss is not a defense, in action against two insurance companies on separate policies each containing condition of invalidity, if other insurance taken, a directed verdict for the insurers, was erroneous; they having knowledge of the other insurance.

**4. Statutes ⬤⇒158—Repeals by implication not favored.**

Repeals by implication are not favored; Legislature being presumed to legislate with knowledge of former related statutes.

**5. Statutes ⬤⇒164, 166—A first amendment of statute is repealed when statute is again amended or wholly re-enacted with omission of such amendment.**

A first amendment of statute is repealed when statute is again amended or wholly re-enacted with omission of first amendment.

**6. Statutes ⬤⇒167(1)—Opinion of Code revisors on matter of implied repeal of statute is entitled to great weight.**

Opinion of Code revisors on matter of implied repeal of statute is entitled to great weight.

Cross-Writs of Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Two actions by Minnie S. Simpson, one against the Continental Insurance Company, the other against the National Liberty Insurance Company of America, consolidated and tried together. Conditional judgment for defendants, and defendants bring error, and plaintiff prosecutes cross-writ of error. Reversed.

Richard H. Mann, of Petersburg, Va., for plaintiffs' in error and cross-defendants in error.

Brockenbrough Lamb and Hill Montague, both of Richmond, Va., for defendant in error and cross-plaintiff in error.

Before WOODS, WADDILL and ROSE, Circuit Judges.

ROSE, Circuit Judge. When the houses of the plaintiff, Minnie S. Simpson, were burned on October 18, 1923, two policies of insurance were outstanding thereon; the first in the National Liberty Insurance Company, dated April 7, 1923, for $7,180, and the second in the Continental Company, dated May 15, 1923, for $7,500. Mrs. Simpson sued on both policies and the actions were consolidated and tried together.

Attached to each policy was a rider making the insurance payable to C. L. Denoon, trustee, as his interest might appear. The interest of Denoon was as holder of a deed of trust to secure a note for $9,000 payable to W. F. Richardson, Jr. The policy in the National Liberty Insurance Company was in the actual possession of Denoon, trustee. Each policy contained the usual provision that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy."

There was evidence that before the fire the resident Richmond agents of each company authorized to countersign and issue policies knew of the fact that both policies were outstanding and took no steps to cancel. But no agreement was indorsed on either policy or added to it permitting other insurance. Therefore the District Court correctly held that, if the above-quoted clause of the policies was to have full effect according to its plain language, each policy was annulled by the other, notwithstanding the knowledge of the resident agents. New York Life Insurance Co. v. Fletcher, 117 U. S. 519, 531, 6 S. Ct. 837, 29 L. Ed. 934; Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Lumber Underwriters of New York v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Fidelity-Phenix, etc., Co. v. Queen City Bus, etc., Co. (C. C. A. Fourth Circuit) 3 F.(2d) 784.

The plaintiff contended that the clause could have only the limited effect provided by section 4227 of the Code of Virginia of 1919; namely, that the violation of the condition as to other insurance could not defeat recovery on either policy unless it contributed to the loss. The court held that section 4227 had been repealed, and that therefore, as between the plaintiff and the defendant companies, the policies were of no effect.

It was conceded that the rights of the holder of the deed of trust were not affected by the double insurance. The riders attached for his benefit contained this provision:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owners, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his claim."

After the fire, under this provision the insurance companies jointly paid the note of

Mrs. Simpson to Richardson, secured by the deed of trust, and took an assignment thereof.

A verdict for the defendant was returned by direction of the court. But the court adjudged, as a condition of entry of the judgment on the verdict in favor of defendants, that they should cancel and surrender the note of the plaintiff secured by the deed of trust. The case is here on cross-writs of error.

[1] The District Court erred in imposing on the defendants the condition of cancellation of the note. Whether valid or not as to the owner of the property, the policies were conceded to be valid as to the holder of the note secured by the deed of trust. They conferred on the insurers the benefit of subrogation to the rights of the lien creditor, and therefore the insurers are entitled to hold the note and to have the benefit of the security of the deed of trust.

From this statement of the case it is evident that the District Judge was right in directing a verdict for the defendant insurers, unless the condition against double insurance fell under a Virginia statute providing that violation of such a condition should not have the effect of preventing a recovery when the violation did not contribute to the loss.

The following section of the Virginia Code of 1919, approved March 7, 1918, effective January 13, 1920, is the statute relied on by the plaintiff:

"No condition in, or indorsed on, any policy of insurance, nor any restrictive provision thereof, shall be valid unless such condition or restrictive provision is printed in type as large as brevier, or eight-point type, or is written in pen and ink or typewriter, in or on the policy, and no provision in any policy of insurance limiting the time within which a suit or action may be brought to less than one year after loss shall be valid, *nor shall failure to perform any condition of such policy, nor a violation of any restrictive provision thereof, be a valid defense to an action thereon, unless such failure or violation contributed to the loss sustained.*

The previous statute dealt with the size of type and the limitation of actions on insurance policies. Acts of 1912, p. 547; section 3252, Code of 1887. But the words we have italicized expressed the first enactment relating to the necessity of showing as a defense that violation of a condition of a policy contributed to the loss.

This enactment was in force at the date of the policies and the time of the trial, unless the following statute of March 16, 1918

(Acts 1918, c. 362), repealed it by implication:

"An act prescribing the style of type in which conditions and restrictive provisions of insurance policies shall be printed, and to define the time in respect to which insurers may limit the right to institute suit or action upon such policies, and regulate the filing of proof of loss.

"Approved March 16, 1918.

"1. Be it enacted by the General Assembly of Virginia, that no condition in or indorsed on any policy of insurance, nor any restrictive provision thereof, shall be valid unless such condition or restrictive provision is printed in type as large as brevier or eight-point type, or is written in pen and ink, or typewritten in or on such policy; provided, however, that nothing herein contained shall relate to or affect photographic copies of application, or parts thereof, attached to or made parts of policies of insurance.

"2. No provision in any policy of insurance limiting the time within which a suit or action may be brought to less than one year after loss shall be valid.

"3. That where the policy of insurance requires the proof of loss to be filed within a specified time, all time consumed in an effort to adjust the loss is not to be considered as a part of such time."

Section 6568 of the Code of 1919 provided:

"The enactment of this Code shall not affect any act passed by the General Assembly, which shall have become a law after the ninth day of January, nineteen hundred and eighteen, and before the thirteenth day of January, nineteen hundred and twenty; but every such act shall have full effect, and so far as the same varies from or conflicts with any provision contained in this Code, it shall have effect as a subsequent act, and as repealing any part of this Code inconsistent therewith."

[2] There is no express repeal of section 4227 of the Code, for in the act of 1918 there is no reference to section 4227 and no general repealing clause. The case then turns upon the difficult inquiry, Did the Acts of 1918 (Acts of 1918, p. 539) repeal by implication the provision of section 4227 of the Code of 1919 above italicized, providing "nor shall failure to perform any condition of such policy, nor a violation of any restrictive provision thereof, be a valid defense to an action thereon, unless such failure or violation contributed to the loss sustained"?

[3] There is *no difference* in the courts as to the law. Repeals by implication are not

favored. The Legislature is presumed to legislate with knowledge of former related statutes, and to express its intention to repeal them. Repeal will be implied only when necessary, because the last or dominant statute admits of no other reasonable construction.

"The repugnancy between the later act upon the same subject and the former legislation must be such that the first act cannot stand and be capable of execution consistently with the terms of the later enactment." Lewis v. U. S., 244 U. S. 134, 144, 37 S. Ct. 570, 574 (61 L. Ed. 1039).

"When there are two acts on the same subject, the rule is to give effect to both if possible; but, if the two are repugnant in any of their provisions, the latter act without any repealing clause operates, to the extent of the repugnancy, as a repeal of the first." Henrietta Mining & Milling Co. v. Gardner, 173 U. S. 123, 124, 19 S. Ct. 327, 329 (43 L. Ed. 637); U. S. v. Greathouse, 166 U. S. 601, 17 S. Ct. 701, 41 L. Ed. 1130; Petri v. Creelman Lumber Co., 199 U. S. 487, 497, 26 S. Ct. 133, 50 L. Ed. 281; Lewis v. United States, 244 U. S. 144, 37 S. Ct. 570, 61 L. Ed. 1039; Lambert v. Barrett, 115 Va. 136, 78 S. E. 586, Ann. Cas. 1914D, 1226; 25 R. C. L. p. 918, and citations.

"It is a well-settled rule in the construction of statutes, often affirmed and applied by this court, that, 'even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.' United States v. Tynen, 11 Wall. 88, 92 [20 L. Ed. 153]; King v. Cornell, 106 U. S. 395, 396 [1 S. Ct. 312, 27 L. Ed. 60]; Tracy v. Tuffly, 134 U. S. 206, 223 [10 S. Ct. 527, 33 L. Ed. 879]; Fisk v. Henarie, 142 U. S. 459, 468 [12 S. Ct. 207, 35 L. Ed. 1080]; District of Columbia v. Hutton, 143 U. S. 18, 27 [12 S. Ct. 369, 36 L. Ed. 60]; United States v. Healey, 160 U. S. 136, 147 [16 S. Ct. 247, 40 L. Ed. 369]." The Paquete Habana, 175 U. S. 677, 684, 685, 20 S. Ct. 290, 294 (44 L. Ed. 320); Murphy v. Utter, 186 U. S. 95, 106, 22 S. Ct. 776, 46 L. Ed. 1070; Combined Saw, etc., Co. v. Flournoy, 88 Va. 1029, 14 S. E. 976; Vansant Co. v. Com., 108 Va. 135, 60 S. E. 753.

"It is * * * necessary to the implication of a repeal that the objects of the two statutes are the same, in the absence of any repealing clause. If they are not, both statutes will stand, though they may refer to the same subject." United States v. Claflin, 97

U. S. 546, 552 (24 L. Ed. 1082); United States v. Yuginovich et al., 256 U. S. 450, 463, 41 S. Ct. 551, 65 L. Ed. 1043; Chase, Jr., v. United States, 256 U. S. 1, 41 S. Ct. 417, 65 L. Ed. 801; Baltimore & Ohio R. Co. v. Bates, 119 U. S. 464, 7 S. Ct. 285, 30 L. Ed. 436.

[4, 5] The argument is strongly presented that the act of 1918, though not in express terms repugnant to section 4227 of the Code of 1919, yet covers the whole subject of that section and embraces new provisions, and thus shows it was intended as a substitute for section 4227. In support of this position, defendants' counsel relied strongly on Combined Saw, etc., Co. v. Flournoy and Vansant Co. v. Com., above cited. In both these cases the statutes in question were held to be repealed by implication. But in both the Legislature first amended the original statute and then at a different time again amended and re-enacted it, omitting the first amendment. The rule is well established, and the reason for it plain, that the first amendment of a statute is repealed when the statute referred to is again amended and wholly re-enacted with the omission of the first amendment. Note 88 Am. St. Rep. 281.

In view of the closeness and the difficulty of the question, we have been at pains to examine the legislative history of the act which is said to have worked a repeal. When it was introduced into the Senate, and when it was reported by the committee, it contained no reference to proofs of loss. Senate Journal, p. 223. On its passage through that body, and after its second reading, it was reconsidered and amended by adding "and regulate the filing of proof of loss," to the title and making the provision concerning such proof now found in it. There is nothing to show that the Legislature had under consideration a requirement that the violation of conditions or a restriction must have contributed to the loss if it was to be available as a defense.

[6] The method of printing policies, the time for bringing an action prescribed by them, and the provisions as to the proofs of loss, are very distinct and much less important than the provision that the actual violation of a condition or restriction should not be available unless it contributed to the loss. Indeed the last is so distinct that it might well have been embraced in a separate act, although in point of fact the revisors of the Code did place it in the same section with the others and indeed included it in the same sentence. The revisors in their annotation to section 4227 expressed the opinion that that

section was repealed by the act of 1918. Their opinion is entitled to great weight as that of three intelligent students of the subject, one of them now a distinguished judge of the Supreme Court of Appeals of the state. The presumption is that they gave more careful consideration to the Code and to the statutes bearing on it than has any one else.

Hardly any two cases involving the question of appeal by implication are alike. After all, the test is the intention indicated by the terms of the later or dominant statute, supplemented by the history of the legislation when the latter throws any real light on the subject. We have been at pains to set forth in detail the various circumstances which are relied upon to show that the Legislature did intend to repeal the provisions now in question. After obtaining all the light we can, the question of what was the legislative intention still remains quite doubtful. Under those circumstances, we think that the case should be determined by the presumption against repeals by implication. If that be the sound position, as upon the whole we are persuaded it is, it follows the learned Judge below erred in directing a verdict for the insurance companies, and the judgment below will be reversed and the case remanded for a new trial.

Reversed.

WOODS, Circuit Judge, died before the above opinion was prepared.