CLARKSON, J., concurring in part and dissenting in part.
DEVIN, J., concurring in part and dissenting in part.
SEAWELL, J., joins in the opinion of DEVIN, J.
Criminal prosecution heard upon indictment charging the defendant, in two counts, (1) with the ownership, sale, lease and transportation of certain slot machines and devices prohibited by law, and (2) with the operation and possession of certain slot machines (described as gambling devices) against the form of the statute in such cases made and provided and against the peace and dignity of the State.
To this bill of indictment the defendant entered a plea of guilty.
Judgment on the first count: Twelve months in the Wake County jail to be assigned to work on the public roads.
Judgment on the second count: Two years in the Wake County jail to be assigned to work on the public roads; execution to begin at the expiration of sentence on the first count. (The sentence on the second count was first fixed at eighteen months and later during the term changed to two years.) *Page 547 
It is further provided that the road sentence imposed on the second count, which is to begin at the expiration of the road sentence on the first count, shall be suspended and the defendant thereafter placed on probation for a period of three years; Provided: (1) That he pay a fine of $10,000 and the costs of the action in cash at this term; (2) that he dispose of all unlawful slot machines in his possession within thirty days from this order and report same to the presiding judge at the next criminal term of this court (none to be sold, disposed of or placed in North Carolina); (3) that he observe the slot machine laws of the State for said three-year period; (4) that he refrain from any political activity in North Carolina during said three years; (5) that he remain under the supervision of the probation officer assigned to Wake County and make no request that the case be assigned to Cumberland County; (6) that he be law-abiding during said probation period; (7) that he not change his address or leave the county or State without first securing the permission of the probation officer; (8) that he report to the probation officer as directed and permit the probation officer to visit his home or elsewhere; (9) that he appear with the probation officer during said three years of probation in open court at the May and November Terms, Wake Superior Court, to show his good behavior and that he has complied with all and singular the terms of suspension of the road sentence — failing in which he is to serve said two-years road sentence in full.
From the foregoing judgment, the defendant in open court gave notice of appeal to the Supreme Court and was allowed fifteen days to serve his case on appeal. Appearance and appeal bonds fixed at $25,000 and $100.00 respectively. Numerous errors are assigned by the appellant.
The burden of the defendant's first complaint is, that having paid the State of North Carolina $105,555.00 in license taxes for the privilege of operating 5,258 slot machines within the State, he ought not now to be prosecuted for exercising these licenses. The soundness of the defendant's position in this respect is not questioned by the State. Indeed, it would perhaps be conceded. But this is not the case sub judice. The defendant has pleaded guilty to violations of the criminal law, and the licenses issued by the Revenue Department do not purport to authorize any such conduct. Nor did the defendant think so when he entered his plea. The licenses issued by the Revenue Department, therefore, may be put aside as having no bearing, legal or otherwise, upon the prosecution. *Page 548 
It is well understood that the law forbids the ownership, sale, demise or transportation of certain slot machines, Calcutt v. McGeachy, 213 N.C. 1,195 S.E. 49, and permits the possession, use and operation of others, under license. McCormick v. Proctor, 217 N.C. 23, 6 S.E.2d 870. The defendant pleaded guilty to such ownership, sale, lease, transportation, operation and possession of slot machines as is prohibited by law. This disposes of his suggestion of duplicity. S. v. Christmas, 101 N.C. 749,8 S.E. 361.
The first count in the bill is couched in the language of ch. 196, Public Laws 1937. The second count follows the language of ch. 138, Public Laws of 1923. It is the position of the defendant that the earlier statute was repealed by the later act, and that, in reality, only one offense is charged in the bill of indictment. The position is not supported by the authorities. S. v. Humphries, 210 N.C. 406, 186 S.E. 473; S. v.Johnson, 171 N.C. 799, 88 S.E. 437; S. v. Perkins, 141 N.C. 797,53 S.E. 735; S. v. Biggers, 108 N.C. 760, 12 S.E. 1024.
The applicable principle is clearly and succinctly stated by Adams, J., in Story v. Comrs., 184 N.C. 336, 114 S.E. 493, as follows: "The repeal of statutes by implication is not favored. The presumption is against the intention to repeal where express terms are not used, and it will not be indulged if by any reasonable construction the statutes may be reconciled and declared to be operative without repugnance."
The latter act is not so repugnant to the former as to work a repeal, either intentionally or otherwise. Lumber Co. v. Welch, 197 N.C. 249,148 S.E. 250; Waters v. Comrs., 186 N.C. 719, 120 S.E. 450. Indeed, the two enactments are more nearly complementary than inconsistent. Hence, the different counts in the bill may stand as separate and distinct offenses, and separate judgments may be entered thereon. S. v. Moschoures,214 N.C. 321, 199 S.E. 92; S. v. Malpass, 189 N.C. 349, 127 S.E. 248; S.v. Jarrett, 189 N.C. 516, 127 S.E. 590.
No sufficient reason has been made to appear why the judgment on the first count should not be upheld. It is well within the terms of the statute. S. v. Farrington, 141 N.C. 844, 53 S.E. 954.
The judgment entered on the second count, however, presents a matter of different substance.
It seems to have been overlooked on all hands that the privilege of probation, which the court clearly intended to offer the defendant pursuant to ch. 132, Public Laws 1937, is so conditioned as to be inconsistent with his right of appeal. To exercise the one he must forego the other. The first requirement could only be met at the December Term, 1940, and the second condition was to be performed within thirty days thereafter, otherwise under paragraph 9 of the suspension, the two-year road sentence was to become absolute. In other words, by appealing the defendant *Page 549 
has lost his opportunity to accept the terms of the suspended sentence. This, we apprehend, was an inadvertence and unintentional. It was perhaps occasioned by the fact that at the time the sentence was imposed no appeal was contemplated, and when an appeal was later noted, the conflict was not observed. However this may be, the defendant was so circumstanced, by the conditions imposed, that he could not elect to comply with the terms of suspension without rendering his appeal nugatory or certainly premature, and by appealing without such election, he necessarily forfeited the privilege of probation. We are well assured that it was not the purpose of the trial court to force him into this dilemma. His appeal was allowed, and it is not to be supposed that any penalty was attached thereto or imposed as a result thereof. C. S., 4650.
The perfecting of an appeal in a criminal case as required by law, either by giving bond or in forma pauperis, stays execution therein during the pendency of the appeal, C. S., 4654, and, in case of affirmance, until the clerk of the Superior Court receives certificate of the opinion of the Supreme Court, C. S., 4656 (otherwise in capital felonies, C. S., 4663), but this would not affect the terms of suspension, or conditions of probation, unless so provided. No provision is made for extending the terms of suspension where timely performance is made the essence of such terms. Here, the time limits annexed to the first two conditions are unbending and they conflict with the defendant's right of appeal.
A judgment rendered under a misapprehension of its effect, which inadvertently denies a substantial right, will be vacated on appeal. S. v.Fuller, 114 N.C. 886, 19 S.E. 797; McGill v. Lumberton, 215 N.C. 752,3 S.E.2d 324, and cases there cited.
It is not worth while to discuss the terms of the suspension, as they are no longer available to the defendant and a different judgment may hereafter be rendered. The principle involved is more important than the disposition of a single case.
The judgment on the second count will be vacated and the cause remanded for further consideration of this count.
On the first count: Judgment affirmed.
On the second count: Error and remanded.