### STATE v. ALBERT LANCE.

(Filed 19 September, 1956.)

**1. Statutes § 13—**

Whether a later statute repeals a former one by implication or substitution is a question of legislative intent to be ascertained by application of the rules for ascertaining legislative intent.

**2. Same—**

Repeals by implication are not favored, and where a later act by any reasonable construction can be declared to be operative without obvious or necessary repugnancy to a former act, it is the duty of the court to give effect to both.

**3. Same—**

A later penal statute will not be held to repeal a former act by substitution unless the later statute covers the whole ground and the intention of the legislature that the later act should be in substitution of the former is clear and manifest.

**4. Statutes § 5c—**

The court has the right to look to the title of an ambiguous statute for the purpose of determining the meaning thereof and the legislative intent.

**5. Crime Against Nature § 1—**

G.S. 14-202.1 does not repeal G.S. 14-177, either partially or entirely, since the two acts are complementary rather than repugnant or inconsistent.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Nettles, J.,* May Term 1956 of HENDERSON.

Criminal prosecution upon a bill of indictment charging the defendant under G.S. 14-177 with committing the crime against nature with one Cecil Henderson.

The defendant entered a plea of Not Guilty. The jury returned a verdict of guilty as charged in the bill of indictment.

From a judgment of imprisonment in the State's prison, the defendant appeals, assigning error.

*William B. Rodman, Jr., Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*

*Redden & Redden for Defendant, Appellant.*

PARKER, J. The bill of indictment charges a violation of G.S. 14-177. It does not allege the age of the defendant or the age of Cecil Henderson. The evidence shows that the defendant was 23 years of age, and the pathic a 13 year old schoolboy.

The defendant presents for decision one question: should the State have been nonsuited? He admits in his brief there can be no doubt the State's evidence, when considered in its most favorable light, made a case for the jury under G.S. 14-177. The defendant bases his appeal on the single contention that, when a person over 16 years of age commits a crime against nature with a child of either sex under 16 years of age, it is a violation of Ch. 764, Session Laws 1955, codified as G.S. 14-202.1, and not a violation of G.S. 14-177, for the reason that G.S. 14-202.1 has repealed G.S. 14-177 so far as concerns the commission of a crime against nature when the defendant is over 16 years of age and the

pathic is under 16 years of age. The defendant says he can be indicted and tried under G.S. 14-202.1.

There is no express repeal of G.S. 14-177, or any part thereof, by G.S. 14-202.1, and it is a familiar doctrine that repeals by implication are not favored. An act, of course, may be repealed by implication as well as by express terms. *S. v. Epps,* 213 N.C. 709, 197 S.E. 580. A portion of an act may also be repealed by implication. *Bramham v. Durham,* 171 N.C. 196, 88 S.E. 347; *U. S. v. Tynen,* 11 Wall. 88, 20 L. Ed. 153. The presumption is always against the intention to repeal where express terms are not used, and where both statutes by any reasonable construction can be declared to be operative without obvious or necessary repugnancy. But, if the two statutes by any reasonable construction are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first. However, when a new penal statute practically covers the whole subject of a prior penal act, and embraces new provisions, plainly and manifestly showing that it was the legislative intent for the later act to supersede the prior act, and to be a substitute therefor, comprising the sole and complete system of legislation on the subject, the later act will operate as a repeal of the prior act. *S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9; *S. v. Foster,* 185 N.C. 674, 116 S.E. 561; *Story v. Comrs.,* 184 N.C. 336, 114 S.E. 493; *S. v. Perkins,* 141 N.C. 797, 53 S.E. 735; *U. S. v. Yuginovich,* 256 U.S. 450, 65 L. Ed. 1043; *U. S. v. Tynen, supra; Con. Ins. Co. v. Simpson,* 8 F. 2d 439; Black on Interpretation of Laws, 2nd Ed., p. 351 *et seq.*

It may be presumed that statutes are enacted by legislative bodies with care and deliberation, and with knowledge of former related statutes. *Con. Ins. Co. v. Simpson, supra.*

This Court said in *S. v. Humphries,* 210 N.C. 406, 186 S.E. 473: "The rule is that if two statutes cover the same matter in whole or in part, and are not absolutely irreconcilable, it is the duty of the court to give effect to both (citing authority), and the later act does not repeal the earlier."

"The result of the authorities cited is, that when an affirmative statute contains no expression of a purpose to repeal a prior law, it does not repeal it unless the two Acts are in irreconcilable conflict, or unless the later statute covers the whole ground occupied by the earlier and is clearly intended as a substitute for it, and the intention of the legislature to repeal must be clear and manifest." *Red Rock v. Henry,* 106 U.S. 596, 27 L. Ed. 251, 253.

The question whether a statute is repealed in whole or in part by a later one containing no express repealing clause, on the ground of repugnancy, or whether a statute is repealed by a later one containing no express repealing clause, on the ground of substitution, is a question of

legislative intent to be ascertained by the application of accepted rules for ascertaining that intention. The intent of the lawmaking body gives the statute its vital force, and it is the province of the courts to ascertain and effectuate the valid legislative intent. *S. v. Humphries, supra; Trust Co. v. Hood, Comr. of Banks,* 206 N.C. 268, 173 S.E. 601; *S. v. Earnhardt,* 170 N.C. 725, 86 S.E. 960.

In *U. S. v. Claflin,* 97 U.S. 546, 24 L. Ed. 1082, it is said: "It is, however, necessary to the implication of a repeal that the objects of the two statutes are the same, in the absence of any repealing clause. If they are not, both statutes will stand, though they may refer to the same subject."

The court has the right to look to the title of an ambiguous statute for the purpose of determining the meaning thereof and the legislative intent. *S. v. Keller,* 214 N.C. 447, 199 S.E. 620; *S. v. Woolard,* 119 N.C. 779, 25 S.E. 719; 50 Am. Jur., Statutes, sec. 311.

G.S. 14-177 provides "if any person shall commit the abominable and detestable crime against nature, with mankind or beast, he shall be imprisoned in the State's prison not less than five nor more than sixty years."

Ch. 764, Session Laws 1955, now codified as G.S. 14-202.1, is captioned "An Act to provide for the protection of children from sexual psychopaths and perverts," and reads: "Section 1. Any person over 16 years of age who, with intent to commit an unnatural sexual act, shall take, or attempt to take, any immoral, improper, or indecent liberties with any child of either sex, under the age of 16 years, or who shall, with such intent, commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, shall, for the first offense, be guilty of a misdemeanor and for a second or subsequent offense shall be guilty of a felony, and shall be fined or imprisoned in the discretion of the court. Sec. 2. All laws and clauses of laws in conflict with this Act are hereby repealed."

It is manifest that G.S. 14-202.1 does not repeal, and was not intended to repeal, in its entirety G.S. 14-177. It is equally plain that G.S. 14-202.1 was not intended as a substitute for G.S. 14-177. The defendant makes no such contentions. To hold otherwise would lead to the absurdity of imputing to the legislative body a purpose to abolish the statute condemning crimes against nature.

The precise question presented by this appeal is: does G.S. 14-202.1 partially repeal G.S. 14-177 as contended by the defendant? If we accept the defendant's contention, it would mean that, if a person committed a crime against nature with a person over 16 years of age, he would be guilty of a violation of G.S. 14-177 and a felony, and should be imprisoned in the State's prison for a term of not less than five nor more than sixty years, and that, if a person over 16 years of age com-

mitted a crime against nature with a child under 16 years of age, he would for the first offense only be guilty of a violation of G.S. 14-202.1 and a misdemeanor, and subject to fine or imprisonment. Ch. 764, Session Laws 1955, is captioned "An act to provide for the protection of children from sexual psychopaths and perverts." It would lead to a bizarre result, if an act so captioned, should be construed to be intended by the Legislature to repeal in part G.S. 14-177 so as to give children under 16 years of age less protection than adults from having crimes against nature committed upon them. It would be irrational to impute to the lawmaking body a purpose to produce or permit such a result. It would seem that to adopt the defendant's reasoning would lead to the result that the crime of rape and of incest would be reduced to misdemeanors, if the defendant was over 16 years of age and the victim was under the age of 16 years and it was a first offense, on the ground that the statutes creating those offenses were partially repealed by the provisions of G.S. 14-202.1.

G.S. 14-202.1 is not repugnant to G.S. 14-177 so as to work a repeal in part of G.S. 14-177, intentionally or otherwise. The two acts are complementary rather than repugnant or inconsistent. G.S. 14-177 condemns crimes against nature whether committed against adults or children. G.S. 14-202.1 condemns those offenses of an unnatural sexual nature against children under 16 years of age by persons over 16 years of age which cannot be reached and punished under the provisions of G.S. 14-177. G.S. 14-202.1, of course, condemns other acts against children than unnatural sexual acts. The two statutes can be reconciled, and both declared to be operative without repugnance.

In the trial below there is

No error.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.