### W. J. SIMMONS v. CITY OF ELIZABETH CITY.

(Filed 11 September, 1929.)

**Municipal Corporations D a—Board of aldermen can abolish office during term of incumbent when they have valid delegated power of creation.**

> An act authorizing a municipality to create in its discretion an office local thereto implies the power to abolish the office, the act being a valid delegation of legislative power in exception to the general rule, and one accepting the position cannot acquire a vested right therein by contract for a definite term of employment. *Mial v. Ellington*, 134 N. C., 131, overruling *Hoke v. Henderson*, 15 N. C., 1, cited and applied.

APPEAL by defendant from *Devin, J.,* at March Term, 1929, of PASQUOTANK. Reversed.

*Aydlett & Simpson for plaintiff.*
*Thompson & Wilson and J. B. Leigh for defendant.*

ADAMS, J. On the first Monday in June, 1927, the plaintiff was appointed by the board of aldermen as sanitary inspector of the defendant city for a term of two years at an annual salary of $1,440, payable in equal monthly installments. He qualified as provided by law and served in this capacity for more than a year; but at a meeting held on 10 August, 1928, the board passed an ordinance or made an order abolishing the office of sanitary inspector, and thereupon notified the plaintiff that his services would not be required after the first day of September. The order was made for the alleged reason that the installation of a water system for the city and the adoption of sanitary provisions recommended by the State Board of Health had curtailed the officer's duties to such extent that to continue the office would impose a pecuniary burden upon the taxpayers of the city which was neither necessary nor justifiable.

On 4 October, 1928, the plaintiff brought suit against the defendant before a justice of the peace and recovered a judgment for $120, the installment alleged to be due for the month of September, and afterwards in the Superior Court, upon a verdict duly returned, he was awarded judgment for the same amount. The defendant excepted and appealed upon error assigned, including the denial of its motion for nonsuit.

The plaintiff contends that the board of aldermen had no legal authority to abolish the office of sanitary inspector during the term for which he had been appointed, and the defendant insists that the action

taken by the board is altogether defensible. These contentions present the point in controversy. The ordinance, it must be observed, did not undertake to remove the officer and continue the office, but to abolish the office itself.

The general rule is that the constitutional power conferred upon legislatures to make laws may not be delegated; but an exception to the rule is the authority granted by the Legislature to a municipal corporation to exercise the power of local legislation. This authority, in such event, is said to be the delegation of legislative power by the State. 1 McQuillin on Mun. Corp. (2 ed.), sec. 395; *S. v. Thomas,* 118 N. C., 1221; *Wharton v. Greensboro,* 146 N. C., 356.

Public offices are not property, but agencies and trusts; between the agent or officer and the government he represents there is no contract right, in the broad sense, of which he cannot be deprived. His contractual right to a salary may accrue during his incumbency, but not after the rightful abolition of the office. His appointment and his tenure of an office created for the public use, as stated by the Supreme Court of the United States in *Butler v. Pennsylvania,* 10 Howard, 402, do not come within the constitutional import of the term "contract" or of the vested, private, personal rights thereby intended to be protected. It is there pointed out that they are functions of powers and obligations by which governments foster and promote the general good—functions which the government cannot be presumed to have surrendered. *Newton v. Commissioners,* 100 U. S., 548, 25 Law Ed., 710. "Nothing is better settled than the legislative power to terminate at pleasure the incumbency of a statutory office, either by an abolition of the office itself or by a change in the tenure or the mode of appointment." *Kendall v. Canton,* 53 Miss., 526. This is true whether the exercise of legislative power be original or delegated.

In a further discussion of the question McQuillin says: "No law reducing the salary of an officer, imposing additional duties without increasing the compensation, or abolishing the office will be held unconstitutional as "impairing the obligation of contracts" or as depriving any person of property "without due process of law," notwithstanding the officer is elected or appointed for a definite term." Mun. Corp., sec. 514. There is authority for saying that a municipal office created by the Legislature cannot be abolished by an ordinance; but where a municipal corporation under a provision of its charter or special legislative act has the power to create an office it has also the power to abolish it, because the power to create implies the power to destroy. Dillon Mun. Corp., 4 ed., sec. 231; 5 ed., sec. 423; McQuillin, sec. 514; *Downey v. State,* 67 N. E. (Ind.), 450; *People v. Brooklyn,* 43 N. E. (N. Y.), 554, and numerous cases cited by McQuillin.

The principle is discussed under a copious citation of authorities in *Mial v. Ellington,* 134 N. C., 131. There the question was whether a supervisor of roads for a township who had been appointed for two years had a vested property interest or contract right in his office of which the Legislature could not deprive him. The Court holding that he had no such right or interest, overruled *Hoke v. Henderson,* 15 N. C., 1, so far as it affirmed the law to be that public office is private property, with all the results that logically flow from the proposition. We may safely rest our decision upon the broad doctrine promulgated in *Mial v. Ellington,* for it will be observed that other cases citing *Hoke v. Henderson* in support of the position that a public office is a contract which cannot be impaired were decided prior to the express repudiation of that doctrine. *Ward v. Elizabeth City,* 121 N. C., 1; *Wood v. Bellamy,* 120 N. C., 212. But in *Ward v. Elizabeth City,* approving *Hoke v. Henderson,* it was said that every one who accepts an office created by legislative enactment takes it with notice that his office may be abolished.

The act revising and consolidating the charter of the defendant city was ratified 31 January, 1923. Private Laws 1923, ch. 15. Section 44 required that the board of aldermen after its organization should proceed to the appointment of a health officer, a city attorney, and an officer to be known as the city manager, and as soon thereafter as possible, upon the recommendation of the city manager, should appoint a city auditor, a city tax collector, a street commissioner, a harbor master, a chief of police, a building inspector, and "all such other officers, deputies and assistants as it should deem necessary," who should hold their offices for the term of two years, subject to removal for sufficient cause.

Under the direction of the Legislature a health officer was appointed; but the creation of the office of sanitary inspector and the appointment to this office were left to the discretion of the aldermen. Upon the board was conferred the legislative power to create the office and to appoint the officer, and this involved the power to declare the office no longer existent, notwithstanding the designated tenure of two years. Doing away with the office necessarily forestalled the officer's right to demand a continuation of his salary. The motion for nonsuit should have been granted.

Judgment reversed.