PEYTON COLYER, PLAINTIFF, v. VANDERBILT HOTEL COMPANY, DEFENDANT.

(Filed 27 September, 1939.)

1. Principal and Agent § 8—

A principal is bound by the acts of his agent within the apparent scope of the agent's authority, which includes authority to do all those things usual and necessary to accomplish the main act authorized, and a third person having no knowledge of limitations on the agent's authority is not bound thereby.

2. Principal and Agent § 7—

The course of dealing between the parties in similar transactions is competent upon the question of agency.

3. Same—Evidence held for jury on question of agent's implied authority to employ plaintiff for definite period of time.

Plaintiff's evidence was to the effect that on prior occasions he had been employed temporarily by defendant through the agent whom he alleged made the contract of employment in suit, and defendant's general manager admitted that on the occasion in question he told the agent to employ plaintiff, but defendant denied that the agent had authority to employ plaintiff for any definite period of time, however short. Held: Defendant's denial of its agent's authority to employ plaintiff for any definite period relates solely to the agent's actual authority, and the difference between authority to employ temporarily and for a definite period of time is not such as to take the latter out of the agent's apparent authority as a matter of law, and the issue should have been submitted to the jury under appropriate instructions.

APPEAL by plaintiff from Pless, J., at April Term, 1939, of BUN-COMBE. Reversed.

The plaintiff brought this action in the county court of Buncombe County to recover damages for a breach of contract of employment, and suffered judgment of involuntary nonsuit on motion of defendant under C. S., 567, at the conclusion of his evidence, and renewed at the conclusion of all the evidence. Upon his appeal to the Superior Court the judgment of nonsuit was affirmed.

Consistently with the pleading, plaintiff's evidence tends to show that he was employed about 3 September, 1938, by a Mr. MacAllister to work in painting and decorating rooms in the Vanderbilt Hotel, leased and operated by the defendant, at a salary of $22.00 per week, with which he was to receive his meals as part of his compensation, for a period lasting all the fall and part of the winter, the employment to begin 4 September. Plaintiff began work as agreed and continued to work until 9 October, when he was "laid off," or discharged, on the ground that there was no further work for him. Plaintiff testified that he then tried to secure

other employment, without success.  He was corroborated in his testimony as to the duration of his term of employment by Ralph Ingle, assistant manager of the Nu-Enamel Company, who testified that he had offered the plaintiff work at sixty cents an hour and plaintiff told him he could not accept because he was at work at the Vanderbilt Hotel, which work would last through the fall and half the winter.

The plaintiff testified that he had been employed by MacAllister twice before in a similar capacity, and had been paid by the hotel without question.

Jack Enright testified for the defendant that he was, during the period mentioned, general manager for the hotel, and that no one else had any authority to hire.  That no one was authorized to employ plaintiff for any definite period of time.  That he did not so employ or authorize anyone else to do so.

On the specific question of Colyer's employment, he testified: "In July, 1937, when we started to get rooms in condition for the 1938 season, MacAllister told me he needed an extra helper for the painter, and that Colyer's work was satisfactory and asked me if it would be all right to put him on.  I said 'Yes.'  MacAllister did not put him on himself, but only upon my instructions and with my permission.  I do not know what MacAllister said to Colyer.  Colyer was a good painter. His work was satisfactory.  When we laid him off, I told him if he would come back around November 1st we would use him again."

MacAllister testified that he was employed by the Hotel Company as Chief Engineer.  He denied telling plaintiff he would have work during the fall and winter.  "What I probably told him was that if we had work he could work all fall and part of the winter."

There was further evidence on the part of the defendant that no one had authority to make a contract for permanent employment, and that there was no employment of any person on such a basis.

*Ford & Lee for plaintiff, appellant.*
*J. Frazier Glenn, Jr., for defendant, appellee.*

SEAWELL, J.  This case hinges mainly around the question whether there is any evidence tending to show that MacAllister had authority to make the contract sued upon in behalf of the Hotel Company.  We conclude that there is.

The plaintiff had the right to deal with MacAllister according to the apparent scope of his authority.  *Powell v. Lumber Co.,* 168 N. C., 632, 485 S. E., 1032; *Oliver v. Fidelity Co.,* 176 N. C., 598, 97 S. E., 490; *Daniel v. R. R.,* 136 N. C., 517, 48 S. E., 816; *Stewart v. Realty Co.,* 159 N. C., 230, 74 S. E., 736.  Limitations on authority within that scope unknown to plaintiff would not relieve MacAllister's principal if

the agent improvidently exceeds the actual authority.  *Oliver v. Fidelity Co., supra; Hooper v. Trust Co.,* 190 N. C., 423, 130 S. E., 49.  Even in the case of special or limited agency, as relates to third persons, the agent's authority is presumed to include all necessary means of effectuating its exercise. *New York Life Insurance Co. v. Smith,* 39 Ga. Appeals, 160, 147 S. E., 126.  Apparent authority, in case of special agency, and as it relates to third persons, includes authority to do all those things usual and necessary in accomplishing the main act authorized.  *McDonald v. Pearre Bros. & Co.,* 5 Ga. Appeals, 130, 62 S. E., 830.

The course of business dealing between the parties in similar transactions is competent evidence upon the question of agency.

The general manager of the defendant admits that he told MacAllister to "put him on"—this in reference to the employment of the plaintiff—and MacAllister did "put him on" twice, on a temporary basis, and thereafter, as alleged by plaintiff, for a definite period of employment. The question arises as to whether or not the difference between employing temporarily and employing for a definite period, however short, is such a distinction as would necessarily, as a matter of law, take the transaction out of MacAllister's apparent scope of authority when he had been given the power of employment.

There is vigorous denial on the part of the defense that MacAllister had the right to employ for any definite period.  This only bears on MacAllister's actual authority.

The evidence represented by the plaintiff was sufficient to bar a nonsuit and must be considered on its merits.

Looking at the evidence in the light most favorable to the plaintiff, the judgment of nonsuit should not have been entered, and it is

Reversed.