CHARLES L. ROWE v. FRANKLIN COUNTY; BOARD OF COMMISSIONERS OF FRANKLIN COUNTY; FRANKLIN MEMORIAL HOSPITAL; BOARD OF TRUSTEES OF FRANKLIN MEMORIAL HOSPITAL; JAMES S. HUNT, INDIVIDUALLY AND AS CHAIRMAN OF BOARD OF COMMISSIONERS OF FRANKLIN COUNTY AND BOARD OF TRUSTEES OF FRANKLIN MEMORIAL HOSPITAL; JAMES S. WEATHERS; RONALD W. GOSWICK; J. THURMAN GRIFFIN; BERNIE R. GUPTON, AND JAMES W. MILLS, INDIVIDUALLY AND AS COUNTY MANAGER OF FRANKLIN COUNTY

No. 859SC687

(Filed 18 February 1986)

**Hospitals § 2.1— trustees' employment of administrator—no authority of trustees**

Because the authority of defendant hospital board of trustees was totally in the control of the defendant county board of commissioners under N.C.G.S. § 131-126.21, since repealed, a 6 June 1983 resolution of the commissioners declaring that defendant county would enter into a management contract with Hospital Corporation of America for Franklin County Hospital was effective to take away defendant trustees' authority to manage the hospital, and therefore eliminated the power of the trustees to enter into a long-term employment contract on 15 June 1983 with plaintiff as administrator of the hospital.

Judge WELLS dissenting.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 30 April 1985 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 3 December 1985.

This action arose out of a dispute over the operation of Franklin County Hospital, a public hospital established under the authority granted the counties in this State by G.S. 131-126.18, *et seq.* (This statute was replaced effective 1 January 1984, but governed all relevant actions in this case.) The Franklin County Board of Commissioners ("Commissioners") established by resolution a hospital Board of Trustees ("Trustees") in 1948, vesting the Trustees with all the authority allowed by law. Such authority included the power to hire and fire hospital personnel. G.S. 131-126.21. The Commissioners began negotiating with two private, non-profit hospital management companies for a contract to manage the hospital. Under this arrangement, the management authority of the Trustees would end. The management company would be directly responsible to the Commissioners.

The Trustees had retained plaintiff-appellant in November 1981 to be the Administrator of Franklin County Hospital. When the two management companies began bidding for the right to manage the hospital, appellant's job situation became very uncertain. Being apparently very satisfied with appellant's performance as hospital administrator, the Trustees endeavored to place appellant under a long-term employment contract in order to ensure that he continued as administrator even under private management. To that end, the Trustees instructed the hospital attorney to draft a contract, which was presented to them in May 1983. However, because of a dispute over a clause providing appellant with a car, action on the contract was delayed.

In the meantime, the Commissioners were continuing to negotiate with the two private hospital management firms. At their 6 June 1983 meeting, the Commissioners voted unanimously to contract with the HCA Management Company, Inc. to manage Franklin County Hospital. Effective 15 June 1983, the Commissioners entered into an "Interim Agreement" with HCA to manage the hospital until the final contract was ready to be signed. The Trustees, having legitimate concerns over the capability of HCA to effectively manage the hospital, at their 15 June meeting, entered into a three-year employment contract with appellant. The Commissioners, viewing this action by the Trustees as an attempted usurpation of their authority, on 17 June 1983 disbanded the Board of Trustees, named themselves as the hospital trustees

and, the next day, notified appellant that his employment as hospital administrator was terminated.

Plaintiff sued for breach of contract and tortious interference with contract. The trial judge, after discovery granted defendants' motion for summary judgment. Plaintiff appeals.

*Hollowell and Silverstein, P.A. by Thaddeus B. Hodgdon for plaintiff-appellant.*

*Bailey, Dixon, Wooten, McDonald, Fountain and Walker by J. Ruffin Bailey and Gary S. Parsons; Jolly, Williamson and Williamson by Wilbur M. Jolly for defendants-appellees.*

PARKER, Judge.

On a motion for summary judgment, the moving party bears the burden of proving: (i) there is no genuine issue of material fact and (ii) that he is entitled to judgment as a matter of law. *Smith v. Smith*, 65 N.C. App. 139, 308 S.E. 2d 504 (1983). Appellant contends that a genuine issue of material fact remained to be decided; *i.e.*, whether the Trustees had the authority to enter into a long-term contract with appellant on 15 June 1983. However, the answer to this question involves an issue of statutory interpretation, which is a question of law for the court to decide. *See, e.g., State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 323 S.E. 2d 294 (1984). The specifics as to what happened and when are undisputed. The only remaining issues are the legal effect of those happenings. Accordingly, the case is appropriate for summary judgment. *Mattox v. State*, 280 N.C. 471, 186 S.E. 2d 378 (1972).

To determine whether defendant was entitled to judgment as a matter of law, the first question to be answered is when the authority of the Trustees to enter into the contract with appellant was terminated by the Commissioners. If the Trustees' authority was terminated at the 6 June 1983 meeting when the Commissioners voted to engage HCA to manage the hospital and entered into an Interim Agreement with HCA, then the contract with appellant is *ultra vires* and, thus, void. *Moody v. Transylvania County*, 271 N.C. 384, 156 S.E. 2d 716 (1967). If, however, the Trustees' authority to contract with appellant was not revoked until 27 June 1983 when the Commissioners disbanded the Trustees and expressly regained all authority previously dele-

gated to the Trustees, then the contract was valid and is binding on any agency succeeding the Trustees. *Plant Food Co. v. City of Charlotte*, 214 N.C. 518, 199 S.E. 712 (1938).

The statute under which the Commissioners acted in creating a Board of Trustees was G.S. 131-126.21. The Franklin County Commissioners exercised the authority given by that statute in 1948 when it created, by resolution, a hospital Board of Trustees "with full authority to employ an architect, select a site and for the planning, establishment, construction, maintenance, and to employ such other personnel as are necessary for the proper operation of said Hospital . . . ." As part of this broad grant of authority, the Trustees were responsible for hiring the administrator of the hospital. Thus, they were acting pursuant to delegated authority when they retained appellant in 1981 and when they negotiated with appellant for a contract in May 1983.

However, the right to create an agency necessarily carries with it the right to destroy that agency. *Simmons v. City of Elizabeth City*, 197 N.C. 404, 149 S.E. 375 (1929). The wording of G.S. 131-126.21(a) is permissive: "[a]ny authority vested by this Article . . . *may* be vested by resolution of the governing body . . . in an officer or board . . . whose powers, duties, compensation, and tenure shall be prescribed in the resolution . . ." (emphasis added). This language implies that the Commissioners had the choice of establishing or not establishing a separate board of trustees; one was not required by the Legislature. The discretion then remained with the Commissioners to eliminate the separate board of trustees. *See Simmons, id.*

The statute also vested in the Commissioners the power to set and limit the scope of the Trustees' authority. This power to delegate authority to the Trustees necessarily implies power in the Commissioners to amend that authority. *City of Salisbury v. Arey*, 224 N.C. 260, 29 S.E. 2d 894 (1944); *see also Swain County v. Sheppard*, 35 N.C. App. 391, 241 S.E. 2d 525 (1978).

The question becomes, then, whether the resolution adopted by the Commissioners on 6 June 1983 declaring that the County would enter into a management contract with HCA for Franklin County Hospital was effective to take away the Trustees' authority to manage the hospital by amending the 1948 resolution. The 6 June resolution makes no specific reference to either the 1948

resolution or the Trustees; therefore, any amendment of the 1948 resolution must be by implication.

The rules of statutory construction applied to interpret acts of the Legislature also generally apply to county and municipal ordinances. *Clark v. City of Charlotte*, 66 N.C. App. 437, 311 S.E. 2d 71 (1984). The primary guideline for interpretation of a statute is the intent of the legislature. *State ex rel. Utilities Commission v. The Public Staff of the North Carolina Utilities Commission*, 309 N.C. 195, 306 S.E. 2d 435 (1983). The actions of the Commissioners both before and after enactment of the 6 June resolution demonstrate that the Commissioners clearly intended to revoke the power of the Trustees to enter into a long-term employment contract with appellant.

This intent brings the 6 June resolution into conflict with the 1948 resolution granting broad authority to the Trustees. The rule of construction used in construing ordinances in conflict was stated in *State v. Lance*, 244 N.C. 455, 94 S.E. 2d 335 (1956):

> The presumption is always against the intention to repeal where express terms are not used, and where both statutes by any reasonable construction can be declared to be operative without obvious or necessary repugnancy. But, if the two statutes by any reasonable construction are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first.

*Id.* at 457, 94 S.E. 2d at 337.

In the instant case, by any reasonable construction giving effect to the legislative intent, the resolution of 6 June 1983 declaring that HCA will be the new manager of the Franklin County Hospital is repugnant to the authority of the Trustees to enter into a long-term contract with the appellant. The management proposal from HCA, referred to in the Interim Agreement adopted by the 6 June resolution as being the guideline for the final contract, specifically states that HCA "will employ the Administrator . . . without additional costs to the Hospital." The intent of the Commissioners is expressed by the 6 June resolution: "That the Franklin County Board of Commissioners enter into a management contract with Hospital Corporation of America of

Nashville, Tennessee." This statement is clearly "repugnant" to the continued management of the Board of Trustees as provided by the 1948 resolution. The latter resolution acts as a repeal of the earlier one "to the extent of the repugnancy." The two resolutions are contradictory as to the services HCA was to provide, one of which was an administrator.

Appellant contends that the Interim Agreement called for HCA to provide an Administrator only "if requested" and that, since no request was made until 27 June 1983, the Trustees still had the authority to employ an administrator until that date. However, the Interim Agreement was to cover only the period between 16 June and the date the final contract between the County and HCA was signed. That agreement had no impact upon the Trustees' power to obligate the management company, the successor agency to the Trustees, to a long-term contract.

Because the authority of the Board of Trustees was totally in the control of the Board of Commissioners under the since-repealed statute, G.S. 131-126.21, we hold that the 6 June 1983 resolution of the Commissioners effectively eliminated the power of the Trustees to enter into a long-term employment contract with the appellant. That contract is thus *ultra vires* and void. The judgment appealed from is

Affirmed.

Judge ARNOLD concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, the Commissioners got ahead of themselves. At the time the trustees entered into their three year contract with plaintiff, their authority to manage the hospital had not been revoked other than by implication, which the law does not favor. I would hold that on 6 June 1983, the trustees still retained the authority to contract with plaintiff, and that therefore plaintiff was entitled to partial summary judgment on the issue of breach of his employment contract, leaving only damages to be determined.