INVESTORS TITLE INSURANCE COMPANY v. DAVID F. HERZIG, JERRY S. CHESSON, SOUTHEASTERN SHELTER CORPORATION, LEE L. CORUM, AND EVERETT, CREECH, HANCOCK & HERZIG, A PARTNERSHIP

No. 8614SC500

(Filed 25 November 1986)

**Insurance § 148; Partnership § 5— certification of own title by attorney—partnership not liable**

Summary judgment was properly granted for a law partnership in an action by a title insurance company arising from the certification of his own title by a firm member where it was clear from defendant's evidence that Herzig certified title to his own property to obtain a personal loan and not to further any partnership business; the only connection between Herzig's actions and the partnership was the way he signed the title certificate; the firm received no compensation for the title certificate, no benefits from the loan, and had no knowledge that Herzig had certified title to his own property in the name of the partnership; and the title certificate showed on its face that Herzig owned the property individually. An ordinarily prudent person in plaintiff's position as a title insurance company would have been put on notice that Herzig was acting on his own account and not within the scope of his apparent authority; the test is not whether plaintiff had notice that the alleged agent's acts were wrongful, but whether plaintiff had notice that the alleged agent's acts were on his own account in his individual capacity and not in furtherance of the partnership business.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 30 January 1986 in Superior Court, DURHAM County. Heard in the Court of Appeals 15 October 1986.

This is an action for fraud, conspiracy, and unfair and deceptive trade practices in violation of G.S. 75-1.1 against defendant Herzig, individually, and for negligence and breach of warranty against defendants Herzig and Everett, Creech, Hancock & Herzig, a law partnership.

The essential facts are:

On 15 April 1981, defendant David F. Herzig, a licensed attorney, certified title to plaintiff to real property located in Vance County in which Herzig was the owner and mortgagor. The real property in question was pledged as security for a $30,000 loan to Herzig by Planters National Bank and Trust Company. The attorney's final title certificate submitted by Herzig to plaintiff stated that there were certain reversionary clauses affecting the

property but that none were violated. The title certificate was signed by Herzig beneath the words "Everett, Creech, Hancock & Herzig," beside the word "By" and above the words "Member of the Firm."

After submission of the title certificate, plaintiff issued title insurance policy number 3367-D insuring Planters National Bank and Trust Company in the amount of $30,000. The policy insured that a violation of the restrictions on record would not result in a reversion or forfeiture of title to the property. In fact, there were violations of restrictions contained in the chain of title, and certain of these violations resulted in a right of reversion to the City of Henderson. Defendant Herzig subsequently defaulted on his indebtedness to Planters National Bank.

In its amended complaint, plaintiff alleged that Herzig was an agent for the defendant partnership Everett, Creech, Hancock & Herzig and had acted as the partnership's agent when he certified title. Plaintiff amended its complaint to include two additional causes of action against the partnership for negligence and breach of warranty under the title certificate.

Prior to answering, the defendant partnership moved for summary judgment as to both causes of action. The trial court granted the partnership's motion and denied plaintiff's motion for summary judgment. Plaintiff appeals.

*Mount, White, Hutson & Carden by James H. Hughes and Stephanie C. Powell for plaintiff-appellant.*

*Boyce, Mitchell, Burns & Smith by G. Eugene Boyce and Susan K. Burkhart for defendant-appellee.*

EAGLES, Judge.

Plaintiff's claims against the defendant partnership are based on the premise that defendant Herzig was acting as an agent of the partnership when he certified title to the plaintiff. Specifically, plaintiff contends that Herzig executed the title certificate in the name of the partnership "for apparently carrying on in the usual way the business of the partnership" and had apparent authority to bind the partnership under G.S. 59-39(a). Plaintiff also contends that because Herzig acted within "the ordinary course

of the business of the partnership," the partnership is liable in tort under G.S. 59-43 for Herzig's wrongful acts.

G.S. 59-39(a) provides that every partner is the agent of the partnership "for the purpose of its business," and that:

> [T]he act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

G.S. 59-39(b) states that if the partner's act is not for apparently carrying on the business of the partnership in the usual way, it does not bind the partnership unless authorized by the other partners. G.S. 59-39(b). As to partnership tort liability, G.S. 59-43 provides:

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Here, plaintiff does not claim that the partnership authorized Herzig to act as he did. Plaintiff contends that defendant Herzig had apparent authority to bind the partnership. Assuming *arguendo* that Herzig's actions were fraudulent, negligent and in breach of the warranties and representations made in the title certificate, the crucial consideration in determining the partnership's liability under the statutes is whether Herzig's actions were "for apparently carrying on in the usual way the business of the partnership" (G.S. 59-39(a)) or were within "the ordinary course of the business of the partnership" (G.S. 59-43). In the absence of authority expressly conferred, the statutes make it clear that a partner's authority to bind his firm is restricted to things done by him within the scope of partnership business.

The apparent scope of partnership business depends upon the conduct of the partnership and its partners and what, by that con-

duct, they cause third persons to believe about the authority of the partners. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). That an act is within the scope of the partnership business is presumed "where the business done by the supposed agent, so far as open to the observation of third parties, is consistent with the existence of an agency, and where, as to the transaction in question, the third party was justified in believing that an agency existed." *Id.* at 35, 209 S.E. 2d at 802 (quoting *Blackmon v. Hale*, 1 Cal. 3d 548, 83 Cal. Rptr. 194, 463 P. 2d 418). If, however, the third party has knowledge of the fact that he is dealing with a partner acting in his individual capacity, the partnership will not be bound. *Id. See Parsons v. Bailey*, 30 N.C. App. 497, 227 S.E. 2d 166, *disc. rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976).

The existence or non-existence of apparent authority is determined from the standpoint of the third person. The principal's liability must be determined by "what authority the third person in the exercise of reasonable care was justified in believing that the principal had, under the circumstances, conferred upon his agent." *Zimmerman v. Hogg & Allen*, 286 N.C. at 31, 209 S.E. 2d at 799. If the facts and circumstances reveal that an ordinarily prudent person in the plaintiff's position would have been put on notice that the alleged agent was not acting within the apparent scope of his authority then the principal is not bound. *Id.* It makes no difference that the alleged agent was acting on his own behalf (and not on behalf of the partnership) when the wrongful acts were committed *unless* the third party dealing with him had notice of that fact. *Parsons v. Bailey, supra.*

> It would seem to be clear that if the agent is purporting to act as an agent and doing the things which such agents normally do, and the third person has no reason to know that the agent is acting on his own account, the principal should be liable because he has invited third persons to deal with the agent within the limits of what, to such third persons, would seem to be the agent's authority. To go beyond this, however, and to permit the third persons to recover in every case where the agent takes advantage of the standing and position of his principal to perpetuate a fraud would seem to be going too far.

30 N.C. App. at 502, 227 S.E. 2d at 168-69 (quoting Restatement (Second) of Agency Section 261, Reporters Notes).

Applying these principles, it is clear from defendant's evidence that Herzig certified title to his own property to obtain a personal loan and not to further any partnership business. The only connection between Herzig's actions and the partnership is the manner in which Herzig signed the title certificate. The affidavits from other members of the partnership reveal that the firm received no compensation for the title certification performed by Herzig, received none of the proceeds or any other benefit from the underlying loan transaction and had no knowledge that Herzig had certified title to his own property in the name of the partnership. More importantly though, the title certificate showed on its face that Herzig owned the property individually. No client of the firm appeared in the transaction. The title insurance policy states that a deed of trust from "David F. Herzig (single)" secures the sum of $30,000.00. The purpose of the transaction was personal, on David Herzig's own account and not for the purpose of furthering any business of the partnership.

We believe that defendant met its summary judgment burden by showing that no genuine issue of material fact existed for trial because Herzig's acts were not "for apparently carrying on in the usual way the business of the partnership" and were not "within the ordinary course of the business of the partnership." Further, we believe that under these facts and circumstances an ordinarily prudent person in plaintiff's position as a title insurance company would have been put on notice that Herzig was acting on his own account, in his individual capacity and for his own benefit and hence not within the scope of his apparent authority. See Zimmerman v. Hogg & Allen, supra; Parsons v. Bailey, supra, and Rowe v. Franklin County, 318 N.C. 344, 349 S.E. 2d 65 (1986).

Plaintiff argues that notice on the face of the title certificate that Herzig was owner and mortgagor of the property was not notice that Herzig was acting in his individual capacity. Plaintiff relies on Ethical Opinion, C.P.R. 254, dated 18 January 1980, effective at the time of the actions complained of, which permitted a lawyer to issue a title opinion regarding real property that he owned if he fully disclosed his beneficial interest. Plaintiff argues that because attorneys were allowed to certify title to their own

property that "plaintiff could not have known from the face of the title certificate that Herzig's actions were wrongful and without authority." Plaintiff's argument misses the point. Under the appropriate principles of agency law and apparent authority, the test is not whether plaintiff had notice that the alleged agent's acts were wrongful but whether plaintiff had notice that the alleged agent's acts were on his own account, in his individual capacity and not in furtherance of partnership business.

Once defendant met its summary judgment burden, the burden shifted to plaintiff to show that a genuine issue of material fact existed for trial or to provide an excuse for not doing so. *Zimmerman v. Hogg & Allen, supra.* By proving no more than the manner of Herzig's signature, plaintiff failed to meet its burden. Summary judgment for defendant partnership was proper.

Affirmed.

Judges WEBB and BECTON concur.