STROUD, Judge.
Plaintiff Brenda Hogue ("plaintiff") appeals from the trial court's summary judgment order entered 7 October 2016 granting summary judgment in favor of defendant Jennifer Cruz ("defendant Cruz") and ordering that the settlement entered into between plaintiff's counsel, defendant Devin Thomas ("defendant Thomas") and Nationwide Mutual Insurance Company on defendant Cruz's behalf, in addition to the subsequent endorsement and cashing of the check delivered to Nationwide on plaintiff's behalf, act as an accord and satisfaction as it relates to defendant Cruz. After review, we affirm the trial court's order.
I. Facts
Plaintiff and defendant Cruz were in an automobile accident on 3 March 2014, in Caswell County, North Carolina. Plaintiff sustained serious personal injuries in the accident. Plaintiff hired defendant Thomas, an attorney, to represent her in her personal injury case against Ms. Cruz. Defendant Cruz had liability insurance with Nationwide Insurance with liability limits of $50,000.00. Plaintiff's claim against defendant Cruz was assigned to Adjustor Christina Qually. Plaintiff also has underinsured motorist insurance coverage with USAA.
Adjustor Qually interacted with defendant Thomas and on 25 November 2014 sent a $50,000.00 dollar check and a release of all claims agreement to his law office for plaintiff to sign. Defendant Cruz's liability insurance policy had a limit of $50,000.00 per claim, so this amount was the maximum amount of insurance proceeds available from defendant Nationwide. The facts regarding the specific interactions between Adjustor Qually and defendant Thomas are disputed. On or about December 2014, defendant Thomas received the check from Nationwide Insurance and deposited it along with another check from USAA insurance into his trust account. He then notified USAA of Nationwide's tender of its policy limits and converted all the money to his own use, without disbursing any of it to plaintiff.
Once plaintiff realized that defendant Thomas had misappropriated the funds from her case's settlement, she retained new counsel and filed a lawsuit on 20 November 2015 against Jennifer Cruz, Devin Thomas, and United Services Automobile Association. The parties engaged in discovery, and defendant Cruz moved for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure on 22 June 2016 on the grounds of compromise settlement or accord and satisfaction. On 20 July 2016, plaintiff filed for partial summary judgment based upon her contention that no accord and satisfaction existed between the parties.
On 7 October 2016, the trial court allowed defendant's Cruz's motion for summary judgment and dismissed plaintiff's claims against Cruz and Nationwide Insurance.[1] Plaintiff filed notice of appeal on 2 November 2016.
II. Interlocutory Appeal
Plaintiff's appeal is interlocutory because her claim against USAA as an underinsured/uninsured insurance carrier is still pending.
An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. ... As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts. Appeals from interlocutory orders are only available in exceptional cases. Interlocutory orders are, however, subject to appellate review: if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.
Hamilton v. Mortg. Info. Servs. Inc. , 212 N.C. App. 73, 76-77, 711 S.E.2d 184, 188 (2011) (citations and quotation marks omitted).
The trial court's order certified "the matter for immediate appeal. There is no just reason for delay of that appeal and it is in the interest of judicial economy to have that matter finally resolved before the case proceeds further to either arbitration or trial." Although the order was certified for immediate appeal, the plaintiff still must show a substantial right which would be affected by delay.
We generally accord great deference to a trial court's certification that there is no just reason to delay the appeal. However, such certification cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.
The burden to show that an appeal is proper is borne by the appellants. When an interlocutory order is the subject of the appeal, the appellants must include in their statement of grounds for appellate review sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right. The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate why the order affects a substantial right. Where the appellant fails to carry the burden of making such a showing to the Court, the appeal will be dismissed.
Hoke Cnty. Bd. of Educ. v. State , 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 515-16 (2009) (citations, quotation marks, brackets, and emphasis omitted).
Plaintiff argues that she is entitled to an immediate appeal because the remaining claim would be resolved by arbitration if the trial court's order is affirmed and by jury trial if it is reversed. She has demonstrated a substantial right and therefore we have jurisdiction to consider her appeal.
III. Actual or Apparent Authority of Defendant Thomas
Plaintiff contends the trial court erred in granting summary judgment in favor of defendant Cruz and Nationwide because there is a genuine issue of material fact regarding defendant Thomas's actual or apparent authority to bind his client, plaintiff, to a settlement agreement.
Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. We review a trial court's order granting or denying summary judgment de novo .
D.G. II, LLC v. Nix , 213 N.C. App. 220, 228-29, 713 S.E.2d 140, 147 (2011) (citations and quotation marks omitted).
Plaintiff contends that she never consented to defendant Thomas settling her case on her behalf and that he lacked the authority to do so. As evidence, plaintiff cites the deposition from Adjustor Christina Qually, in which Adjustor Qually admitted not remembering the specifics of a conversation regarding settlement negotiations with defendant Thomas. Plaintiff cites Thaxton v. Stevens , 179 N.C. App. 436, 634 S.E.2d 272 (Sept. 5, 2006) (No. COA05-1347) (unpublished), for the proposition that a case where an adjustor's memory is incomplete, there is a genuine issue of material fact regarding the settlement.
Thaxton is an unpublished case and not binding authority. See N.C.R. App. P. Rule 30(e)(3) ; Long v. Harris , 137 N.C. App. 461, 470, 528 S.E.2d 633, 639 (2000) ("An unpublished opinion establishes no precedent and is not binding authority.") (Citation, quotation marks, and brackets omitted). Regardless, this case is distinguished from Thaxton in that the plaintiff's attorney in Thaxton testified that no settlement had been reached and neither the plaintiff nor the plaintiff's attorney ever signed the settlement check, but in the present case plaintiff's attorney received a check for the policy limits and then absconded with the funds. Thaxton , 179 N.C. App. 436, 634 S.E.2d 272, No. COA05-1347 at *4-5.
There is no dispute that plaintiff hired defendant Thomas to represent her in her personal injury claim against Jennifer Cruz and Nationwide Insurance. In North Carolina,
[t]he attorney-client relationship is based upon principles of agency. A principal is liable on a contract duly made when the agent acts within the scope of his actual authority. Actual authority is that authority which the agent reasonably thinks he possesses, conferred either intentionally or by want of ordinary care by the principal. Actual authority may be implied from the words and conduct of the parties and the facts and circumstances attending the transaction in question.
Harris v. Ray Johnson Constr. Co ., 139 N.C. App. 827, 830, 534 S.E.2d 653, 655 (2000) (citations omitted). Furthermore, the principal may be bound in an agreement with a third party by the apparent authority of her agent which "includes authority to do all those things usual and necessary in accomplishing the main act authorized." Colyer v. Vanderbilt Hotel Co. , 216 N.C. 228, 230, 4 S.E.2d 436, 438 (1939) (citation and quotation marks omitted). See also Foote & Davies, Inc. v. Arnold Craven, Inc. , 72 N.C. App. 591, 595, 324 S.E.2d 889, 892 (1985) ("A principal is liable upon a contract duly made by its agent with a third person in three instances: when the agent acts within the scope of his or her actual authority; when a contract, although unauthorized, has been ratified; or when the agent acts within the scope of his or her apparent authority, unless the third person has notice that the agent is exceeding actual authority. Where a third party in good faith and with reasonable prudence deals with an agent having apparent authority, the principal is bound by the agent's acts." (Citations omitted) ).
Thus, in regards to a third party, an agent's
real and apparent authority [are] one and the same, and may not be restricted by special or private instructions of the principal unless the limitations sought to be placed upon it are known to such persons or the act or power in question is of such an unusual character as to put a man of reasonable business prudence upon inquiry as to the existence of the particular authority claimed.
Powell & Powell v. King Lumber Co ., 168 N.C. 632, 635, 84 S.E. 1032, 1033 (1915) (citations omitted).
The settlement of a personal injury case, for liability limits of an insurance policy is well within the realm of the usual business of a personal injury lawyer in his work on an automobile accident case. Plaintiff appears to argue there is no proof that a settlement was reached and that the parties never came to an agreement, but the record shows that the settlement check was sent by Nationwide and cashed by defendant Thomas.
Much of plaintiff's argument seems to rely on the evidence, or lack thereof, of details regarding the negotiations between defendant Thomas and Nationwide Insurance. But the details of their discussions as framed by plaintiff would not change the fact that Nationwide agreed to pay its policy limits to plaintiff in settlement of her claim. In the cases plaintiff cited, the issues of material fact were the agreed-upon amount of the settlement and the attorney's authority to settle for an amount outside of the range directed by client. Here, the evidence is undisputed that plaintiff hired defendant Thomas to represent her in the personal injury claim against Cruz, and Nationwide tendered its policy limits of $50,000.00 to plaintiff, which defendant Thomas accepted as her agent. Even viewing the evidence in the light most favorable to plaintiff, and even if plaintiff did not grant defendant Thomas the actual authority to settle her personal injury case for Nationwide's policy limit of $50,000.00, all of the evidence shows that defendant Thomas-as plaintiff's agent-had sufficient apparent authority to bind plaintiff in her dealings with defendant Cruz and Nationwide Insurance.
Plaintiff seeks to transfer the loss from her attorney's malfeasance to Nationwide. We sympathize with her predicament, but unfortunately for plaintiff, the client bears the risk of her lawyer's malfeasance when it involves an innocent third party. See, e.g., Johnson v. Schultz , 195 N.C. App. 161, 168-69, 671 S.E.2d 559, 565 (2009) ("[I]n accordance with equity, the risk of loss ... should fall on those parties who had an attorney-client relationship .... Binding clients to the acts of their lawyers can be unfair in some circumstances, such as where a client might have authorized a lawyer's conduct only in general terms, without contemplating the particular acts that lead to liability. However, it has been regarded as more appropriate for costs flowing from a lawyer's misconduct generally to be borne by the client rather than by an innocent third person. Where the lawyer rather than the client is directly to blame, the client may be able to recover any losses by suing the lawyer, a right not generally accorded to nonclients." (Citation, quotation marks, and brackets omitted) ), aff'd , 364 N.C. 90, 691 S.E.2d 701 (2010).
IV. Accord and Satisfaction
Plaintiff also contends that the trial court improperly granted defendant's motion for summary judgment because there was no "accord and satisfaction" as described in the judge's order. Specifically, plaintiff contends there was no dispute on the amount owed because both parties believed that the amount owed was $50,000.00.
We first note this argument seems to contradict plaintiff's first argument that defendant Thomas was not authorized to accept $50,000.00 from Nationwide. If there was no dispute that Nationwide should pay $50,000.00, plaintiff obviously authorized him to accept this amount on her behalf. But even if we overlook the contradiction between her two arguments, plaintiff misunderstands the definition of "accord and satisfaction." Under North Carolina law:
[i]t is well recognized [that] [a]n "accord" is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a "satisfaction" is the execution or performance, of such agreement.
Zanone v. RJR Nabisco , 120 N.C. App. 768, 772, 463 S.E.2d 584, 587 (1995) (citation and quotation marks omitted). The case at hand is a clear example of an "accord and satisfaction." Here, plaintiff, through her agent, agreed to release all claims against Nationwide for the agreed-upon sum of $50,000.00. Plaintiff suffered a greater amount of damages than $50,000.00, which is why she also brought a claim against her underinsured motorist carrier for the remainder of her damages. There is no genuine issue of material fact; the trial court properly granted summary judgment for defendant Cruz on accord and satisfaction. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and CALABRIA concur.

On 18 November 2016, a default judgment was entered against defendants Devin Thomas and Devin Thomas Law, PLLC.